CROWE v. MICHIGAN CENTRAL RAILROAD CO.

1. CARRIERS—PASSENGERS—NEGLIGENCE—EQUIPMENT OF CARS.
    The use by a railroad company of a standard three-step passenger car of the height and construction in common use upon railroads is not negligence, although a four-step car, the lower step of which is eight inches nearer the ground than the lower step of the three-step car, is used on some roads.

2. SAME—EQUIPMENT—STATIONS—CARE REQUIRED.
    The high degree of care required of carriers in transporting passengers, and in constructing and caring for their vehicles for that purpose, is not required in the construction and maintenance of their platform and station grounds; but, as to them, reasonable care, to be determined by the surroundings and the probable dangers, is all the law requires.

3. SAME—PLATFORM—DEFECTS—NEGLIGENCE.
    A hole six inches deep and containing a loose obstacle in its bottom, situated in a station platform upon which passengers

are invited to step when alighting from cars, is a negligent defect.

4. SAME — INJURY TO PASSENGER — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.

In an action against a railroad company for injuries sustained by a passenger while alighting from the train at a station, with a suit case and packages in his hands, evidence examined, and *held*, that whether he was guilty of contributory negligence was a question for the jury.

5. SAME—WEIGHT OF EVIDENCE.

In an action against a railroad company for injuries sustained by a passenger while alighting from the train by reason of defects in the station platform, *held*, that a verdict for plaintiff was against the weight of the evidence, and that a new trial moved for on that ground should have been granted.

Error to Shiawassee; Smith, J. Submitted October 20, 1905. (Docket No. 93.) Decided January 24, 1906.

Case by Fred Crowe against the Michigan Central Railroad Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

Plaintiff, a traveling salesman, alighted from the smoking car of the defendant at Owosso at 8 o'clock a. m. October 24, 1903. He had a dress suit case in one hand, an umbrella and package in the other, and was smoking a cigar. In stepping from the car onto the platform constructed of cinders, he turned his ankle, causing the injury, for which he recovered a verdict of $6,370. The negligence charged in the declaration is—

"Providing a step about three feet from the ground, being at least one foot or more higher or further from the ground than the steps of ordinary cars used in ordinary railroading. * * * Failure to pull its train up to the ordinary platform provided for the alightment of passengers, stopping its train and ordering plaintiff and other passengers to alight at a considerable distance south of its platform; and at the place of alightment where this plaintiff was directed, requested and invited to alight was a

quantity of loose cinders, upon which said plaintiff stepped in alighting from the train."

The declaration further alleges that in consequence of these conditions the loose cinders gave way under his foot, made his footing uncertain and unsafe, and caused the injury. The train stopped at the usual place. So this allegation of negligence is eliminated. Two grounds of negligence remain—the height of the step and the condition of the cinder platform.

Plaintiff described the accident as follows:

"I got up, took my grip, and started for the door, walked to the door, started to step down the steps. As I got down from one step to the other getting off in this manner, I discovered there was something I ought not to step on. My foot was beyond my control, and I went into it and turned my ankle over. At this time I had the grip in my right hand, the umbrella and parcel in my left hand, and I was smoking a cigar. * * *

"The cinder platform, in the first place, is below the rails, not up to the rails, and then it was scooped out extending in this manner basin form, but larger than a basin, and where I stepped, stepped into the center of it and after I had—my foot had turned over. In getting up I looked up to see really what it was that was the cause. I discovered the height of the platform was much higher than the other platform. I discovered also a chunk of cinder my foot had struck, which was loose and rolled. That is all I discovered."

He further testified that the chunk of cinders upon which he stepped was in a hole at least six inches lower than the surface, and a foot to two feet across the top; that the chunk of cinders was about six inches long by two or three inches wide, and rough.

"When I stepped on it, it just turned my foot over, tore the ligaments open, and broke the bones."

Plaintiff was familiar with the cinder platform. Owosso was his home. He had been in and about there for 20 years, and had been familiar with the station grounds for 12 or 14 years. He frequently for many years boarded, and alighted from, trains at this same place.

*George L. Nadolleck (O. E. Butterfield* and *John T. McCurdy,* of counsel), for appellant.

*Watson & Chapman,* for appellee.

GRANT, J. (*after stating the facts*).   It was conclusively established that this car was a standard one, of the height and construction such as is in common use upon railroads.   It was the standard three-step smoking car. There are also four-step smoking cars; but no such car had been in use upon this road, extending from Jackson to Saginaw, for three or four years.   The difference in height between a three-step and a four-step car is about eight inches.   The court should have instructed the jury that the use of this car was not negligence.

2.  Counsel for defendant insist that the existence of the hole, with the piece of cinder in the bottom, as described by plaintiff, was not negligence, citing *Jackson* v. *City of Lansing,* 121 Mich. 279.   The high degree of care required of common carriers of passengers, in transporting them and in the construction and care of their vehicles for that purpose, is not required by the law in the construction and maintenance of its platforms and station grounds. Reasonable care to be determined by the surroundings, the situation, and the probable dangers, is the requirement of the law.   6 Cyc. p. 605; 3 Thompson on Negligence, § 2697; 5 Am. & Eng. Enc. Law (2d Ed.), p. 532; 26 Am. & Eng. Enc. Law (2d Ed.), p. 512; *Hiatt* v. *Railway Co.,* 96 Iowa, 169; *Finseth* v. *Railway Co.,* 32 Or. 1 (39 L. R. A. 517); *Pennsylvania Co.* v. *Marion,* 104 Ind. 239; *Illinois Cent. R. Co.* v. *Hobbs,* 58 Ill. App. 130; *Mayor, etc., of New York* v. *Bailey,* 2 Denio (N. Y.), 433; *Collins* v. *Railway Co.,* 80 Mich. 390; *McKone* v. *Railroad Co.,* 51 Mich. 601.   Counsel for plaintiff concede this to be the rule.   Reasonable care is a relative term, to be determined by the surroundings of each case, and the dangers to be apprehended and avoided. *St. Louis, etc., R. Co.* v. *Barnett,* 65 Ark. 255.   The

construction of a platform may be such that a very high degree of care will be required in its construction and maintenance. Such was the case where the platform joined an open trestle. *Johns* v. *Railroad Co.*, 39 S. C. 162 (20 L. R. A. 520). We do not think that *Jackson* v. *City of Lansing* is applicable. That was a depression worn in a sidewalk to the depth of about three inches. There are depressions and steps in sidewalks which the law recognizes as not negligent, and the risk of which the traveler must assume and guard against. We are not prepared to say that a hole six inches deep and containing a loose obstacle in its bottom would not constitute negligence even in a sidewalk. We think it evidently would constitute negligence when existing in a platform upon which passengers are invited to step when alighting from cars. A passenger has a right to assume that such platform is reasonably safe. He must alight with reasonable expedition. Others may alight before him and partially obstruct his view. He may be holding his traveling bag or packages, which may also somewhat interfere with his vision.

3. It follows from what has already been said that the plaintiff was not as a matter of law guilty of contributory negligence in stepping as he did from the car. It was a question for the jury to determine from all the surrounding circumstances.

4. Defendant made a motion for a new trial, one of the grounds of which was that the verdict was against the overwhelming weight of the evidence. Whether the jury found the defendant guilty of negligence on account of the height of the steps of the car or the hole in the platform, with a chunk of cinder therein, it is impossible to determine. It is due to the intelligence of the jury to believe that they did not find that a hole such as that described by the plaintiff existed. The overwhelming weight of the evidence is against such claim. Plaintiff alone testified to its existence. It is significant that he did not allege in his declaration either the existence of the hole or of the

chunk of cinder, but that he stepped upon loose cinders. He never saw the hole before, and he had taken the train and had alighted there many times a year. No such accident had ever occurred before upon this platform. It is not probable that the defendant would permit the existence of so dangerous a place for passengers to alight. Several employés of the defendant and other entirely disinterested witnesses testified that the platform was firm and level, and that there was no hole. Two disinterested persons standing close to the plaintiff as he alighted, who witnessed the accident, testified that plaintiff stepped upon a loose piece of coal lying upon the platform; and one of them testified that he kicked it away with his foot, saying to the plaintiff: "That is what you stepped on." The evidence, aside from the plaintiff's testimony, established beyond a reasonable doubt that this platform was level, solid, and in good condition. The presence of a piece of coal, entirely unaccounted for, was undoubtedly the cause of the plaintiff's accident. Upon the question of granting new trials, see *Brassel* v. *Railway Co.*, 101 Mich. 5; *Gregory* v. *Railway*, 138 Mich. 368; *Whipple* v. *Railroad Co.*, 130 Mich. 460.

Other questions are raised, but as they are not likely to occur upon a new trial, should one be had, we deem it unnecessary to determine them.

Judgment reversed, and new trial ordered.

McALVAY, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.