BROWN *v.* DETROIT UNITED RAILWAY.

1. STREET RAILWAYS—PERSONAL INJURIES—EVIDENCE—PROJECTION OF STEP—ESTIMATES—ACTUAL MEASUREMENTS.

In an action for personal injuries caused to plaintiff when she was struck by the step on defendant's street car which was lowered as she was passing it to board another car to the rear, estimates or guesses of herself and witness as to the extent the step projected from the side of the car have no weight as against the positive testimony of actual measurements.

2. SAME—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

Evidence *held*, insufficient to establish a case of actionable negligence.

3. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Where plaintiff failed to establish a case of actionable negligence, the Supreme Court, on error, will not consider the question of plaintiff's contributory negligence.

Error to Wayne; Webster (Arthur), J.   Submitted October 7, 1921.   (Docket No. 67.)   Decided December 21, 1921.

Case by Ida Brown against the Detroit United Railway for personal injuries.   Judgment for plaintiff. Defendant brings error.   Reversed.

*Corliss, Leete & Moody* (*W. E. Tarsney,* of counsel), for appellant.

*Rood & Visscher,* for appellee.

CLARK, J.   A Fort street car of defendant was standing on Shelby street in Detroit at the corner of Fort and Shelby opposite the safety zone in which were a number of persons.   Behind the car and on Shelby was an interurban car, and to get a seat in it before its arrival at the interurban station, plaintiff and her cousin, in October, 1919, were hurrying toward it along the track between the Fort street car and the persons standing in the safety zone.   She testified:

"And when I started south on Shelby I was not right close to the car, I was running along.   I was not a foot from the car, about a foot or so, not quite that far, about 8 or 10 inches from the car.   That is my best estimate, and I followed down practically in the path of my cousin, who preceded me.   She was likewise about the same distance.   I passed in front of these people whom I say were standing in the safety zone."

The Fort street car was the pay-enter type, the opening and closing of the doors and the raising and lowering of the step of which were controlled by the conductor from his position within the car.   Plaintiff testified:

"As I came along beside the local, the Fort street car, it was standing there.   All the passengers had

gotten on.   I was running for the interurban.   As I was going by the local car to reach the car I expected to board, the local car had already taken all its passengers and had closed the door, and I was just passing the car, and I was just opposite the step when the conductor threw the door open, and threw the step down, and that step hit my right leg."

Plaintiff claims to have been injured as a result. The defendant is said to have been negligent in lowering the step.   Of the extent of the projection of the step when lowered beyond the body or overhang of the car, the plaintiff testified that there was a slight projection, although she claims to have been injured when she was 8 or 10 inches or a foot from the car. Her cousin said:

"I cannot say how far it extends from the body, from the overhang of the car.   About 8 or 10 inches."

But there is positive testimony of actual measurements, the Fort street cars as then used being of five types, that the extent of the projection of the step when lowered beyond the side or overhang of the cars of such types was respectively $2\frac{1}{4}$ inches, $2\frac{3}{4}$ inches, $2\frac{1}{2}$ inches, $3\frac{1}{4}$ inches, and $2\frac{3}{4}$ inches.   The Fort street car in question was one of the five types. Defendant made a motion for a directed verdict when plaintiff rested, which was denied.   The motion was renewed at the conclusion of the proofs and denied. One of the grounds of the motion was that no actionable negligence had been shown.   Plaintiff had verdict and judgment.

Of the questions presented by the defendant on error we consider the negligence of the defendant.   It is a fact established upon this record that the step projected beyond the body or overhang of the car not to exceed $3\frac{1}{4}$ inches.   The guesses or estimates of plaintiff and her witness have no weight as against the positive testimony of actual measurements.   It was

said in *Perkins* v. *Township of Delaware,* 113 Mich. 377:

"Plaintiff's son testified that the bridge at the northeast corner 'sagged down a little'; another witness, that he observed that the east side was eight inches lower than the west side; another estimated that it was from four to six inches lower. Several witnesses on the part of the defendant testified that they could not observe any sag, and that there was no depression which could be observed with the eye. The highway commissioner made a measurement, and testified that at the north end there was an incline to the east of one inch. There is nothing in the record to impeach this actual measurement, and it must stand as true. The practice of permitting juries to base their verdicts upon the guesses or estimates of distances or conditions which are susceptible of actual measurement is to be condemned. It is the duty of the plaintiff who seeks to recover damages for negligence to place before the jury the actual conditions when it is within his power to do so."

And in *Jones* v. *City of Detroit,* 171 Mich. 608, the following action of the trial court was approved:

"The testimony shows that the pavement in this vicinity was in rather bad condition, due to holes worn in it by the passing traffic. The depression in question was described as saucer-shaped, and as large in area as a washtub. The plaintiff's testimony as to the depth of the depression varied from 2½ to 6 inches. These were simply estimates, however, as none of the plaintiff's witnesses measured it. One witness, the city photographer, measured it, and found that its greatest depth was 3 inches.

"At the close of the testimony, the trial court found, as a fact, that the hole was only 3 inches in depth, in accordance with the testimony of the city photographer, and directed a verdict for the defendant."
\*    \*    \*

There is no claim of either rule or custom that the step, being raised with the closing of the doors after

passengers had entered the car, might not be again lowered and the doors opened to permit passengers to board or to alight or for any other purpose. The car was at a stop where passengers might enter and leave. Whether the conductor opened the doors and lowered the step to permit boarding or leaving the car, or because he saw plaintiff and thought she intended boarding his car is not shown. Nothing unusual in the manner of lowering the step is claimed. Nor is it said that the car was not of a standard type in general use. It is not shown that from the position of the conductor within the car he could have seen or did see that plaintiff was nearer than $3\frac{1}{4}$ inches to the car, if she was.

Being of the opinion that the plaintiff has not made a case of actionable negligence, it is unnecessary to consider whether plaintiff was guilty of contributory negligence as a matter of law.

The motion for a directed verdict should have been granted. Reversed, with costs to defendant. New trial granted.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.