RULE *v.* CITY OF BAY CITY

1. MUNICIPAL CORPORATIONS — NEGLIGENCE — SIDEWALKS — TWO-
INCH RULE — POLICY.

   A municipality is not subject to liability because of a discon-
   tinuity in a sidewalk of two inches or less, because the
   judiciary believed that a public authority could not be expected
   to construct or maintain a perfectly smooth walkway and,
   therefore, negligence should not be predicated upon relatively
   minor variations in the walking surface (MCLA § 242.1).

2. MUNICIPAL CORPORATIONS — NEGLIGENCE — TWO-INCH RULE —
LIMITATIONS — WALKING SURFACES.

   A municipality's immunity from liability for damages because of
   a defect in a sidewalk two inches or less is limited to only
   those surfaces or objects which are designed to be walked upon
   (MCLA § 242.1).

3. MUNICIPAL CORPORATIONS—NEGLIGENCE—WALKING SURFACE—FACT
QUESTION.

   Determination whether a hollow steel pipe and surrounding
   tapered concrete collar which were the remains of a street
   sign which had been removed by the defendant city were
   objects or surfaces to be walked upon was a question for the
   trier of fact where the plaintiff suffered injuries when she
   caught her foot on the pipe; the determination must be based
   on the condition of the surface at the time of the accident
   (MCLA § 242.1).

---

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 38 Am Jur, Municipal Corporations § 593.

Appeal from Bay, Leon R. Dardas, J. Submitted Division 3 October 7, 1970, at Lansing. (Docket No. 7238.) Decided February 15, 1971. Leave to appeal granted April 22, 1971, 384 Mich 834.

Complaint by Lillian G. Rule against the city of Bay City for damages for injuries from catching her foot on a steel pipe. Judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Patterson & Patterson,* for plaintiff.

*Egloff, Mainolfi, Taylor, McGraw & Collison,* for defendant.

Before: LEVIN, P. J., and T. M. BURNS and J. E. HUGHES,* JJ.

J. E. HUGHES, J. Plaintiff was injured when she caught her right foot on a steel pipe protruding from one of defendant's sidewalks (all witnesses save one testified that it could have been a sleeve). The hollow steel pipe and surrounding tapered concrete collar were what remained of a street sign which had been removed some five months before the accident. There was conflicting testimony at trial as to the height of the remaining portion of pipe as well as conflicting testimony about the height of the collar.

Briefly, it was plaintiff's claim that the defendant city was negligent in maintaining, or failing to correct, the defective condition complained of.[1] The

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] PA 1909, No 283, ch 22, § 1 as amended (CLS 1961, § 242.1 [Stat Ann 1958 Rev § 9.591]), subsequently repealed by PA 1964, No 170, read as follows:

"Any person or persons sustaining bodily injury upon any of the public highways or streets in this state, by reason of neglect to keep such public highways or streets, and all bridges, sidewalks, cross-

city maintains that, as a matter of law, it cannot be held liable if the "defect" complained of is less than two inches in height.

At the trial of the case, the following instruction, of which plaintiff complains, was given by the court:

"As a matter of law in the State of Michigan, no court will hold a municipality liable in any way whatsoever if a defect, whether it be a depression or elevation, does not exceed two inches in depth or elevation. Therefore, you can see that even a two inch depth or elevation or crack, does not allow any traveler to collect any damages from the city and this is the law. Beyond two inches, the courts allow a jury to decide whether or not the depression or elevation is a defect and if it was a proximate cause of the accident and injuries resulting therefrom."

The jury was then instructed that if they found the pipe did not raise up more than two inches, they had no alternative but to return a verdict in favor of defendant of no cause of action. But if they found a rise of over two inches they could find negligence on the part of the defendant municipality.

A verdict of no cause of action was returned, and plaintiff appeals.

As the height of the projecting steel pipe was a fact question for jury determination, its verdict could have meant either (1) that the pipe was less than two inches high and, as a matter of law, defendant was not negligent or (2) that the pipe

walks and culverts on the same in reasonable repair, and in condition reasonably safe and fit for travel by the township, village, city or corporation whose corporate authority extends over such public highway, street, bridge, sidewalk, crosswalk or culvert, and whose duty it is to keep the same in reasonable repair, such township, village, city or corporation shall be liable to and shall pay to the person or persons so injured or disabled, and to any person suffering damages by reason of such injury, just damages, to be recovered in an action of trespass on the case before any court of competent jurisdiction".

was more than two inches high, and while defendant could have been negligent, it in fact was not.

The instruction given was based on a long line of Michigan cases[2] holding that a municipality is not subject to liability because of a discontinuity in a sidewalk. The two-inch rule had its origin in a judicial belief that the public authority could not be expected to construct or maintain a perfectly smooth walkway and, therefore, negligence could not be predicated upon relatively minor variations in the walking surface.

The rule has been applied where a metal grating was a part of the sidewalk. *Northrup* v. *City of Pontiac* (1909), 159 Mich 250.[3] However, in the recently decided case of *Howard* v. *City of Melvindale* (1970), 27 Mich App 227, this Court declined to extend the rule to cover a protruding bolt, not designed to be walked upon, which had originally been used to hold in place the side rail of a pedestrian bridge. The bridge was still in place, but the side rails had been removed, leaving bolts exposed. All of the cases which support this outworn rule dealt with "defects" or obstructions in a surface designed to be walked upon. In *Howard,* we specifically limited the two-inch rule to apply only to those surfaces or objects which are "designed to be walked upon".

Accordingly, in addition to the two questions mentioned above, the jury in this case should have been instructed that it should determine whether, at the time of the accident, the surface or object was of a design to be walked upon. In determining that question, the jury should have been told that it could decide that the surface or object was, at the time of the accident, reasonably adaptable or

[2] See footnote 1 in our opinion in *Howard* v. *City of Melvindale* (1970), 27 Mich App 227.

[3] See footnote 2 in *Howard, supra.*

usable for a walking surface as it then existed, whether or not the city had left the prior condition unchanged or had modified it in some manner.

Defendant has cross-appealed, claiming that plaintiff failed to offer any evidence of giving proper notice to the city. The sufficiency of the notice was already passed upon by this Court in *Rule* v. *City of Bay City* (1968), 12 Mich App 503. The record in this case shows that the notice was filed; that is enough.

Reversed and remanded for a new trial.

Costs to plaintiff.

All concurred.