RULE v CITY OF BAY CITY

OPINION OF THE COURT

1. MUNICIPAL CORPORATIONS—SIDEWALKS—TWO-INCH RULE—NEGLI-
GENCE.

Michigan Supreme Court hereafter will no longer hold as a
matter of law that a depression or obstruction of two inches
or less in a sidewalk may *not* be the basis for a municipality's
liability for negligence.

OPINION FOR REVERSAL

BLACK and· T. E. BRENNAN, JJ.

2. MUNICIPAL CORPORATIONS—SIDEWALKS—NEGLIGENCE—EVIDENCE—
STATUTES.

*Plaintiff failed to make out a submissible case of actionable*
*negligence within a statute pursuant to which she brought*
*an action against a city for damages for injuries sustained*
*when she caught her foot on a steel pipe protruding from one*
*of the city's sidewalks where she failed to measure, photograph*
*or otherwise preserve the then readily available evidence which*
*might tend to establish her charge of failure on the part of*
*the city to maintain the sidewalk, at the place of her alleged*
*injury, "in reasonable repair, and in condition reasonably*
*safe and fit for travel * * * "; plaintiff failed by proof,*
*or permissible inference from proof, to establish negligence*
*under the statute, and her cause cannot be sustained excepting*
*as authorized by that statute (1961 CLS 242.1).*

3. NEGLIGENCE—PROOF—EVIDENCE—PLAINTIFF'S DUTY.

*In every action for negligence it is plaintiff's duty to prove by*
*the most accurate evidence that is reasonably available to*

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 39 Am Jur 2d, Highways, Streets, and Bridges § 487.
Degree of inequality in sidewalk which makes question for jury
or for court, as to municipality's liability, 37 ALR2d 1187.
[3] 57 Am Jur 2d, Negligence § 127.

*him the particular defect or act or omission which to him was the cause of the injury for which he would recover.*

Appeal from Court of Appeals, Division 3, Levin, P. J., and T. M. Burns and J. E. Hughes, JJ., reversing and remanding Bay, Leon R. Dardas, J. Submitted December 7, 1971. (No. 5 December Term 1971, Docket No. 53,280.) Decided April 6, 1972.

30 Mich App 396 affirmed.

Complaint by Lillian G. Rule against the City of Bay City for damages for injuries sustained from catching her foot on a steel pipe protruding from defendant's sidewalk. Judgment for defendant. Plaintiff appealed to the Court of Appeals. Reversed and remanded for a new trial. Defendant appeals. Affirmed.

*Patterson & Patterson,* for plaintiff.

*Egloff, Mainolfi, Taylor, McGraw & Collinson,* for defendant.

PER CURIAM. In its opinion reversing and remanding for new trial, the Court of Appeals noted that by its decision in *Howard v Melvindale,* 27 Mich App 227 (1970) it had limited the application of the "two-inch rule" to surfaces or objects which are "designed to be walked upon".

That was indeed a step in the right direction, but for the reasons stated by Mr. Justice ADAMS in his dissent in *Harris v Detroit,* 367 Mich 526, 529 (1962), we do not regard it as desirable to continue to enforce the "two-inch rule".

Accordingly we take this opportunity to advise the Bench and Bar that hereafter we will no longer hold as a matter of law that a depression or obstructor of two inches or less in a sidewalk may *not* be the basis for a municipality's liability for negligence.

The Court of Appeals is affirmed. No costs, a matter of public importance.

T. M. Kavanagh, C. J., and Adams, T. G. Kavanagh, Swainson, and Williams, JJ., concurred.

Black, J. (*for reversal*). According to the profession's moccasin telegraph, humming as it has been since the allegedly promissory Supreme Court campaign of 1970, the case at bar is due to result in still another order for overrulement of another long line of settled decisions this Court has handed down. Construing and applying 1961 CLS 242.1*; MSA 9.591, the mentioned decisions have resulted in what we know as the "two-inch rule". For pro and con details, see *Harris v Detroit,* 367 Mich 526 (1962), particularly the majority opinion of present Chief Justice Kavanagh. That opinion, which I endorsed, ended at 528 with these words:

"It is to be noted that most of these cases are unanimous opinions of this Court. Plaintiff would have us abolish this long-established rule of law without citing any reason or authority for the change in position. We find no reason for doing so."

The facts giving rise to this section 242.1 action appear sufficiently in the opinion of Division 3 (30 Mich App 396). To them I would add that this

---

* The applicable wording of section 242.1 dates back to 1887 PA 264; 1897 CL 3441. Mrs. Rule's injury was sustained March 16, 1964, prior to the effective date of 1964 PA 170; MCLA 691.1402; MSA 3.996(102), which is the successor to section 242.1.

plaintiff failed to measure, photograph or otherwise preserve the then readily available evidence which might tend to establish her charge of failure on the part of the defendant city to maintain the sidewalk, at the place of her alleged injury, "in reasonable repair, and in condition reasonably safe and fit for travel * * * ."

Under the rule of *Perkins* v *Delaware Twp,* 113 Mich 377, 379 (1897) ; *Brown* v *Detroit United Railway,* 216 Mich 582, 585 (1921), and *Baldinger* v *Ann Arbor R Co,* 372 Mich 685, 691 (1964), all followed in *Schedlbauer* v *Chris-Craft Corp,* 381 Mich 217, 232 (1968), plaintiff failed to make out a submissible case of actionable negligence within the statute. See, in particular *Brown* v *Detroit United Rwy, supra,* at 584–586 and the requirement of measurement stated therein. To quote *Schedlbauer* at 231:

"In every action for negligence it is the duty of the plaintiff to prove by the most accurate evidence that is reasonably available to him the particular defect or act or omission which to him was the cause of the injury for which he would recover. (See quotation, *post; Perkins* v *Delaware Twp*)."

I hold that plaintiff failed by proof, or permissible inference from proof, to establish negligence under the statute, and that her cause cannot be sustained excepting as authorized by that statute. The statute still includes the qualifier "reasonable," before "repair". The next phrase included the qualifier "reasonably" before "safe and fit for travel" and now includes that word before "safe and convenient for public travel".

The judgment of the Court of Appeals should be reversed with remand to circuit for entry of judgment upon the verdict of the jury.

T. E. BRENNAN, J., concurred with BLACK, J.