GLANCY v CITY OF ROSEVILLE

ASHTON v CITY OF HAZEL PARK

Docket Nos. 106283, 109241. Argued March 3, 1998 (Calendar Nos. 1-2).
Decided June 9, 1998.

Fred J. Glancy brought an action in the Macomb Circuit Court against
the city of Roseville, alleging that he slipped and fell on a defective
sidewalk that was between 1¼ and 1½ inches higher than the sur-
rounding sidewalk. The court, John B. Bruff, J., granted summary
disposition for the defendant, concluding that MCL 691.1407(1);
MSA 3.996(107)(1) of the governmental tort liability act codified
the rule that originated in *Weisse v Detroit*, 105 Mich 482 (1895),
that municipalities are not liable as a matter of law for injuries
caused by sidewalk defects less than two inches in depth, despite
the abolition of the rule in *Rule v Bay City*, 387 Mich 281 (1972).
The Court of Appeals, DOCTOROFF, C.J., and McDONALD and J. B.
SULLIVAN, JJ., reversed and remanded the case in an opinion per
curiam, concluding that subsection 7(1) only preserved pre-1965
immunity with respect to the state, not to other governmental enti-
ties (Docket No. 175958). The defendant appeals.

Frances C. and James Ashton brought an action in the Oakland Cir-
cuit Court against the city of Hazel Park, alleging that Frances Ash-
ton slipped and fell on a defective sidewalk that was between 1 and
1½ inches higher than the surrounding sidewalk. The court, Robert
C. Anderson, J., granted summary disposition for the defendant,
concluding that subsection 7(1) codified the two-inch rule. The
Court of Appeals, D. E. HOLBROOK, JR., P.J., and WHITE and A. T.
DAVIS, JJ., reversed and remanded in an unpublished memorandum
opinion on the basis of *Glancy* (Docket No. 182876). The defendant
appeals.

In an opinion by Justice TAYLOR, joined by Chief Justice MALLETT,
and Justices BRICKLEY, BOYLE, and WEAVER, the Supreme Court *held*:

Because the two-inch rule is a negligence rule rather than a
principle of governmental immunity, MCL 691.1407(1); MSA
3.996(107)(1) could not reinstate it. Policy arguments in favor of
adopting the two-inch rule as a bright-line threshold for lack of rea-
sonable repair under MCL 691.1402(1); MSA 3.996(102)(1) are prop-
erly directed to the Legislature.

1. The governmental tort liability act provides governmental immunity for governmental agencies, including municipalities, engaged in governmental functions. The second sentence of subsection 7(1) retained preexisting governmental immunity law except where provided otherwise in the act. Although, by its terms, the provision applies to the state, case law has held that it also applies to all governmental agencies, including municipalities.

2. Tort actions against governmental agencies generally raise two separate issues: whether the plaintiff has pleaded a cause of action in avoidance of governmental immunity, and whether the elements of a negligence action can be established. Whether a defect is over two inches bears on the issue of negligence, i.e., whether a municipality failed to keep a sidewalk in reasonable repair. The two-inch rule was a common-law threshold for negligence based on the reasonable repair standard of care of the statutory highway exception to governmental immunity. Subsection 7(1) did not resuscitate the two-inch rule after it was abolished in *Rule v Bay City*.

3. While the judiciary has authority to formulate policy regarding common-law issues, it may not adopt rules that change statutes on the basis of policy arguments. Rather, the judiciary's role in determining the policy behind a statute is to attempt to determine the policy choice the Legislature made. Policy arguments regarding adoption of a bright-line rule that defects of two inches or less do not constitute a lack of reasonable repair under subsection 2(1) should be directed to the Legislature.

*Glancy*, affirmed.

*Ashton*, affirmed.

Justice KELLY, joined by Justice CAVANAGH, concurring in part and dissenting in part, stated that the two-inch rule should not be revived at this time, not because the Supreme Court lacks the power to revive the rule, but because the defendants have not persuaded the Court that *Rule v Bay City* was incorrectly decided. While, in areas properly within the province of the Legislature, the Court may not formulate its own public policy and, on that basis, change a statute, the majority offers nothing convincing that reviving the two-inch rule would violate that limitation.

216 Mich App 390; 549 NW2d 78 (1996) affirmed.

*Bieber & Czechowski, P.C.* (by *Walter J. Czechowski* and *William J. Brady*), for plaintiff-appellee Glancy.

*Granzotto & Nicita, P.C.* (by *Mark Granzotto*), for plaintiffs-appellees Francis C. Ashton and James Ashton.

*Plunkett & Cooney, P.C.* (by *Mary Massaron Ross*), for the defendants-appellants.

Amici Curiae:

*Granzotto & Nicita, P.C.* (by *Angela J. Nicita*), for Michigan Trial Lawyers Association.

*Johnson, Rosati, Galica, Labarge, Aseltyne & Field, P.C.* (by *Marcia L. Howe*), for Michigan Municipal League.

TAYLOR, J. These cases present the issue whether the second sentence of MCL 691.1407(1); MSA 3.996(107)(1), which affirms governmental immunity as it existed before July 1, 1965, codified the "two-inch rule"[1] regarding municipal liability for sidewalk defects despite this Court's abolition of the two-inch rule in *Rule v Bay City*, 387 Mich 281; 195 NW2d 849 (1972). Because the two-inch rule is a negligence rule rather than a principle of governmental immunity, we hold that subsection 7(1) could not reinstate the two-inch rule. Regarding defendants' alternative contention that this Court should adopt the two-inch rule as a threshold for lack of "reasonable repair" under MCL 691.1402(1); MSA 3.996(102)(1), we hold that such arguments are properly directed to the Legislature.

---

[1] This Court articulated the two-inch rule as "a depression in a walk which does not exceed 2 inches in depth will not render a municipality liable for damages incident to an accident caused by such depression." *Harris v Detroit*, 367 Mich 526, 528; 117 NW2d 32 (1962).

FACTS AND PROCEEDINGS

These two cases arise out of slip and fall accidents involving sidewalk defects of less than two inches. In *Glancy*, the portion of sidewalk at issue was between 1¼ and 1½ inches higher than the surrounding sidewalk. In *Ashton*, the sidewalk portion at issue was between 1 and 1½ inches higher than the surrounding sidewalk. Defendants in both cases moved for summary disposition under MCR 2.116(C)(7) and (10), contending that subsection 7(1) reinstated the two-inch rule. In each case, the trial court granted defendant's motion for summary disposition, concluding that subsection 7(1) codified the two-inch rule into Michigan law. In *Glancy*, the Court of Appeals reversed, concluding that subsection 7(1) only preserved pre-1965 immunity for the state, not other governmental entities, i.e., municipalities. 216 Mich App 390; 549 NW2d 78 (1996). In *Ashton*, the Court of Appeals reversed on the basis of *Glancy*. *Ashton v Hazel Park*, unpublished memorandum opinion of the Court of Appeals, issued April 4, 1997 (Docket No. 182876).

STANDARD OF REVIEW

Appellate review of a trial court ruling on a motion for summary disposition is de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). "MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties." *Wade v Dep't of Corrections*, 439 Mich 158, 162; 483 NW2d 26 (1992).

MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. The court considers the affidavits, pleadings, depositions, admissions, and other documentary evidence submit-

ted or filed in the action to determine whether a genuine issue of any material fact exists to warrant a trial. [*Spiek, supra* at 337.]

### I. MUNICIPALITY LIABILITY FOR SIDEWALK DEFECTS

The governmental tort liability act, MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.*, provides governmental immunity for governmental agencies, including municipalities like defendants here. "[T]he heart of the act, § 7, provides for broad immunity from tort liability for governmental agencies engaged in governmental functions." *Wade, supra* at 166. "[E]xceptions to governmental immunity are to be narrowly construed." *Id.* MCL 691.1402(1); MSA 3.996(102)(1) sets forth the "highway exception" to governmental immunity. Subsection 2(1) states in pertinent part:

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person sustaining bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him or her from the governmental agency.

Subsection 2(1) requires municipalities to maintain sidewalks in "reasonable repair."[2] Under the two-inch rule, sidewalk defects of two inches or less did not constitute a lack of "reasonable repair" as a matter of law. See *Weisse v Detroit*, 105 Mich 482, 483, 487; 63

---

[2] Subsection 2(1) specifically states that the duty of the state and counties to maintain highways does not include "sidewalks, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel."

NW 423 (1895); *Harris v Detroit*, 367 Mich 526, 528;
117 NW2d 32 (1962). In 1972, *Rule, supra,* abolished
the two-inch rule.

### II. AFFIRMATION OF PRE-1965 GOVERNMENTAL IMMUNITY

Subsection 7(1) of the governmental tort liability
act, as amended in 1986, provides:

> Except as otherwise provided in this act, all governmen-
> tal agencies shall be immune from tort liability in all cases
> wherein the government agency is engaged in the exercise
> or discharge of a governmental function. Except as other-
> wise provided in this act, this act shall not be construed as
> modifying or restricting the immunity of the state from tort
> liability as it existed before July 1, 1965, which immunity is
> affirmed.

The second sentence of subsection 7(1) "retains pre-
existing governmental immunity law except where
provided otherwise in the act" and mandates an his-
torical approach. *Hadfield v Oakland Co Drain
Comm'r*, 430 Mich 139, 147, 170; 422 NW2d 205
(1988).

By its terms, this provision of subsection 7(1)
applies to "the state." MCL 691.1401; MSA 3.996(101)
provides distinct definitions of "state" and "municipal
corporation" and defines "governmental agency" to
include both. In the context of the first sentence of
subsection 7(1), which uses the term "governmental
agencies," the use of the term "the state" in the sec-
ond sentence might be read to indicate that this pro-
vision applies only to the state, not to governmental
agencies generally.

However, in *Li v Feldt (After Remand)*, 434 Mich
584, 592-593, n 8; 456 NW2d 55 (1990), which involved
tort liability of municipalities, this Court stated that

§ 7 should be read to put "all agencies of government
on the same footing with regard to tort liability." This
Court noted that the stated purpose of the govern-
mental tort liability act is to "make uniform the liabil-
ity of municipal corporations, political subdivisions,
and the state . . . when engaged in the exercise or
discharge of a governmental function." *Id.* In *Had-
field, supra* at 168-169, which involved actions against
a county and municipality as well as the state, this
Court recognized a trespass-nuisance exception to
governmental immunity on the basis of the historical
approach mandated by § 7. These authorities indicate
that the second sentence of subsection 7(1) applies to
all governmental agencies, not just the state, despite
the use of the term "the state" in this provision.

The present case does not require this Court to
reconsider whether these authorities accord with the
statutory language of subsection 7(1). Rather, this
Court may assume, without deciding, that this provi-
sion of subsection 7(1) applies to municipalities
because this provision would not affect the two-inch
rule.

### III. WHETHER THE TWO-INCH RULE IS A GOVERNMENTAL IMMUNITY PRINCIPLE THAT SUBSECTION 7(1) WOULD AFFIRM

Here, defendants contend that the second sentence
of subsection 7(1) mandates the continued applica-
tion of the two-inch rule despite this Court's abolition
of it in 1972. The basis of the two-inch rule is the con-
cept of "reasonable repair." The highway exception,
subsection 2(1) of the governmental tort liability act,
subjects governmental agencies to liability when they
fail to maintain highways in "reasonable repair." The
two-inch rule was a bright-line rule stating that

defects of two inches or less constituted "reasonable repair" as a matter of law.

The roots of the two-inch rule can be traced to *Weisse, supra,* which involved injuries allegedly arising out of a defective crosswalk. The *Weisse* Court noted that, in 1887, the Legislature amended the statute, imposing a duty on municipalities to maintain highways so that it required "reasonable repair" rather than "good repair" and imposed a duty that streets be "reasonably safe," not absolutely safe. 105 Mich 486-487. The *Weisse* Court concluded that the street at issue was reasonably safe despite the alleged defect of approximately two inches and held that the trial court should have given the defendant's request to charge that "as a matter of law that no such defect existed as authorized a recovery." *Id.* at 483.

In *Rule, supra* at 283, this Court abolished the two-inch rule:

> [W]e will no longer hold as a matter of law that a depression or obstruction of two inches or less in a sidewalk may *not* be the basis for a municipality's liability for negligence.

In abolishing the two-inch rule, the *Rule* Court relied on Justice ADAMS' dissent in *Harris, supra.* Justice ADAMS stated that the two-inch rule "gradually hardened into a rule of law that where a defect in a walk was less than 2 inches in depth, the walk would be considered to be safe and the city free from *negligence.*" 367 Mich 531 (emphasis added). He agreed with Colorado authority indicating that it is improper to determine "actionable negligence" by an arbitrary measurement and concluded that the facts and circumstances of each case must be considered to deter-

mine if there is an issue to submit to the jury regarding whether the defendant is negligent. *Id.* at 535-536.

As this Court has previously noted, tort actions against governmental agencies generally raise two separate issues: 1) whether the plaintiff has pleaded a cause of action in avoidance of governmental immunity, and 2) whether the plaintiff can establish the elements of a negligence action.[3] Whether a defect is over two inches bears on the issue of negligence, i.e., whether the municipality failed to keep the sidewalk in "reasonable repair." The cases applying the two-inch rule as well as those abolishing it indicate that the two-inch rule barred recovery because a plaintiff would be unable to prove actionable negligence, i.e., lack of "reasonable repair," rather than because a municipality was governmentally immune from liability for defects of two inches or less. Thus, the two-inch rule was not a rule of common-law immunity; rather, it was a common-law threshold for negligence based on the "reasonable repair" standard of care of the statutory highway exception.[4]

The two-inch rule's relationship to the statutory highway exception distinguishes it from common-law

---

[3] See, e.g., *Canon v Thumudo*, 430 Mich 326, 335; 422 NW2d 688 (1988) ("Courts should take care not to confuse their separate inquiries into immunity and negligence").

[4] In further support of the proposition that the two-inch rule bears on negligence rather than governmental immunity, the *Ashton* plaintiff notes that this Court has at least considered the two-inch rule in the context of actions against nongovernmental defendants. See *Crowe v Michigan Central R Co*, 142 Mich 692; 106 NW 395 (1906); *Sherman v Consumers Power Co*, 199 Mich 543; 165 NW 844 (1917). The *Ashton* plaintiff also notes that *Williams v Detroit*, 364 Mich 231; 111 NW2d 1 (1961), abolished common-law governmental immunity for municipalities. That it was still necessary for this Court to abolish the two-inch rule in *Rule* in 1972, after *Williams*, indicates that the two-inch rule is a rule of negligence, not a principle of immunity.

principles of immunity like the trespass-nuisance exception recognized in *Hadfield*, which are properly the subject of the second sentence of subsection 7(1). By its terms, this provision of subsection 7(1) affirms pre-1965 common-law immunity that is not addressed by the governmental tort liability act. There is no need to resort to pre-1965 common law with respect to the statutory exceptions explicitly set forth in the act. For these reasons, subsection 7(1) would not resuscitate the two-inch rule after this Court abolished it in *Rule*.

Moreover, even with respect to immunity principles, subsection 7(1) does not preserve governmental immunity law in a time capsule as of July 1, 1965. Subsection 7(1) states that the act "shall not be construed as modifying or restricting" immunity as it existed before July 1, 1965. But this provision does not prohibit this Court from reconsidering and amending or abolishing pre-1965 precedent regarding governmental immunity. In *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 609; 363 NW2d 641 (1984), this Court reiterated that " 'to read the second sentence of [subsection 7(1)] as "preserving for all time state governmental immunity heretofore recognized by case-law" would be to "assume that the Legislature failed to recognize that the evolution of case law precedent is exclusively committed to the judicial branch of government." ' "[5]

### IV. WHETHER TO ADOPT THE TWO-INCH RULE UNDER SUBSECTION 2(1)

Alternatively, defendants argue that even if subsec-

---

[5] The version of subsection 7(1) applied in *Ross* affirmed immunity "as it existed heretofore"; in 1986 this portion of the statute was amended to "as it existed before July 1, 1965."

tion 7(1) did not codify the two-inch rule, this Court should adopt the two-inch rule as a threshold for lack of "reasonable repair" under subsection 2(1). In support of adopting the two-inch rule, defendants cite the great expense to municipalities of defending lawsuits for injuries arising out of sidewalk defects of two inches or less. The Legislature, with its ability to consider testimony from a variety of sources and make compromise decisions, is much better positioned than the judiciary to consider such policy arguments and make policy choices.[6] "The responsibility for drawing lines in a society as complex as ours—of identifying priorities, weighing the relevant considerations and choosing between competing alternatives—is the Legislature's, not the judiciary's." *O'Donnell v State Farm Mut Automobile Ins Co*, 404 Mich 524, 542; 273 NW2d 829 (1979). "Under the Michigan Constitution and its division of power between the Legislature and the judiciary, [the judiciary is] only authorized to implement statutes, not change them in response to policy arguments, regardless of how persuasive." *Miller v Riverwood Recreation Center, Inc*, 215 Mich App 561, 563; 546 NW2d 684 (1996). In other words, while the judiciary has authority to formulate policy regarding common-law issues, which could include adopting a bright-line rule, it may not adopt rules that change statutes on the basis of policy arguments. Rather, the judiciary's role in determining the policy behind a statute is to attempt to determine the policy choice the Legislature made. In subsection 2(1), the Legislature set forth a duty of "reasonable repair." Policy

---

[6] An example of the adoption of a bright-line rule by statutory presumption is MCL 257.625a(9); MSA 9.2325(1)(9).

arguments regarding adoption of a bright-line rule that defects of two inches or less do not constitute a lack of "reasonable repair" under subsection 2(1) should be directed to the Legislature. Moreover, even if we were to consider these policy arguments, they would be unavailing because defendants fail to meet the great burden incumbent upon them to overcome the presumption in favor of the validity of our past holding in *Rule*. See *Brown v Manistee Co Rd Comm*, 452 Mich 354, 365-366; 550 NW2d 215 (1996), regarding stare decisis.

### CONCLUSION

For these reasons, we affirm the Court of Appeals decisions in both *Glancy* and *Ashton*. While we agree with the result in both cases, we analyze the issues differently than did the Court of Appeals. The two-inch rule is a rule of negligence, not a common-law principle of governmental immunity that the second sentence of subsection 7(1) would codify. Policy arguments in favor of adopting the two-inch rule as a bright-line threshold for lack of "reasonable repair" under subsection 2(1) should be addressed to the Legislature.

MALLETT, C.J., and BRICKLEY, BOYLE, and WEAVER, JJ., concurred with TAYLOR, J.

KELLY, J. (*concurring in part and dissenting in part*). I concur with the result reached by the majority, and with much of its reasoning. However, I cannot join part IV of today's opinion.

Defendants argue that, if we find that the two-inch rule was not revived by statute, we should revive the two-inch rule ourselves. I agree with the majority's

conclusion that we should not revive the two-inch rule at this time. I reach that decision, not because the Court lacks the power to revive the rule, but because defendants have not persuaded us that our decision in *Rule* was incorrect. *Ante* at 589-591.

I dissent because the majority, in an alternate position, rejects defendants' argument that the Court should adopt the two-inch rule because it would be unconstitutional to do so. I agree that, in areas properly within the province of the Legislature, the Court may not formulate its own public policy and, on that basis, change a statute. However, nothing in the opinion convinces me that reviving the two-inch rule would violate that limitation, and therefore, I cannot join the portion of the opinion that implies as much. I hesitate to construe limitations placed on this Court by our constitution where it is not necessary to do so.

CAVANAGH, J., concurred with KELLY, J.