ROBINSON v CITY OF DETROIT (ON REMAND)

Docket No. 194356. Submitted June 22, 1998, at Lansing. Decided August 21, 1998, at 9:30 A.M.

Carol and Ricardo Robinson brought an action in the Wayne Circuit Court against the city of Detroit and others for damages suffered when Carol Robinson fell as a result of the vertical misalignment of two sections of a sidewalk. The court, Philip Jourdan, J., granted summary disposition for the city on the basis of governmental immunity, finding that the misalignment was less than one-half inch and thus did not constitute a failure to keep the sidewalk in reasonable repair within the meaning of the highway exception to the statutory governmental immunity. The plaintiffs appealed. The Court of Appeals, CORRIGAN, C.J., and YOUNG, JR., and M. J. TALBOT, JJ., held that the two-inch rule was abolished in *Rule v Bay City*, 387 Mich 281 (1972), and that for municipalities it was not resurrected by the 1986 amendment of MCL 691.1407(1); MSA 3.996(107)(1) and remanded the matter to the trial court. Unpublished memorandum opinion, issued May 23, 1997 (Docket No. 194356). The Court of Appeals denied the city's motion for a rehearing. The Supreme Court vacated the opinion of the Court of Appeals and remanded the matter to the Court of Appeals for reconsideration, noting that the trial court had not granted summary disposition on the basis of the two-inch rule, but rather had granted summary disposition on the basis of the half-inch rule adopted in *Zielinski v Szokola*, 167 Mich App 611 (1988). 457 Mich 874 (1998).

On remand, the Court of Appeals *held*:

1. It is inappropriate for the courts to circumvent the Legislature's decision to abolish governmental immunity for a municipality's failure to keep sidewalks in reasonable repair by adopting an arbitrary amount of misalignment necessary to create a question of fact concerning whether the municipality has failed to satisfy its duty of care. Accordingly, the half-inch rule adopted in *Zielinski* must be overruled, and the trial court's judgment of summary disposition for the city must be reversed.

2. Even if the Zielinski half-inch rule were valid, the granting of summary disposition for the city would have been improper,

because the trial court improperly resolved the disputed factual question whether the amount of misalignment was one-half inch or less.

Reversed and remanded.

*Serman & Leh, P.C.* (by *Marc H. Wander*), for the plaintiffs.

City of Detroit Law Department (by *Sharon D. Blackmon*), for the defendant.

ON REMAND

Before: CORRIGAN, C.J., YOUNG, JR., and TALBOT, JJ.

PER CURIAM. The Supreme Court remanded this case for reconsideration, 457 Mich 874 (1998), because the trial court granted summary disposition for defendant city of Detroit on the basis of the "half-inch rule" adopted in *Zielinski v Szokola*, 167 Mich App 611, 621-622; 423 NW2d 289 (1988), not the "two-inch rule." We reverse and remand.

We conclude that the half-inch rule does not survive our Supreme Court's recent decision in *Glancy v Roseville*, 457 Mich 580; 577 NW2d 897 (1998). In *Glancy*, the Court recognized that under the separation of powers courts may not adopt arbitrary rules, such as the two-inch rule, to circumvent the Legislature's decision to abolish governmental immunity for the failure to keep municipal sidewalks in "reasonable repair." *Id.* at 590-591. The Court also reaffirmed its decision in *Rule v Bay City*, 387 Mich 281; 195 NW2d 849 (1972), abolishing the two-inch rule. *Glancy, supra* at 587-589. In *Rule*, the Court adopted Justice ADAMS' dissent in *Harris v Detroit*, 367 Mich 526, 531, 535-536; 117 NW2d 32 (1962), in which he reasoned that courts may not determine "actionable negli-

gence" by an arbitrary measurement, but, rather, must consider the circumstances of each case to determine whether a question of fact exists regarding the defendant's negligence. The half-inch rule of *Zielinski* is precisely such a rule of arbitrary measurement.

We expressly overrule *Zielinski* because this Court's adoption of the half-inch rule constituted both the improper adoption of a bright-line rule to change a statute on the basis of policy arguments and improper interference with the trier of fact's evaluation of factual issues. *Glancy, supra.* Although the trial court cannot be faulted for following controlling precedent, *Hackett v Ferndale City Clerk*, 1 Mich App 6, 11; 133 NW2d 221 (1965), it erred in granting summary disposition on the basis of the half-inch rule. Further, even if the half-inch rule was valid, a question of fact existed whether it applied in this case. Plaintiffs submitted two affidavits by a registered professional engineer indicating that the sidewalk defect was either 11/16ths or 15/16ths of an inch. The trial court should not have resolved this factual issue on a motion for summary disposition. *Spectrum Mfg Corp v Bank of Lansing*, 118 Mich App 25, 32; 324 NW2d 523 (1982).

Reversed and remanded. We do not retain jurisdiction.