# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID TREMPER,

Plaintiff-Appellee,

v

WESTLAND COLONIAL VILLAGE
APARTMENTS, WESTLAND COLONIAL
DELAWARE, L.L.C., and WESTLAND
COLONIAL VILLAGE, L.L.C.,

Defendants-Appellants.

UNPUBLISHED
June 16, 2016

No. 325176
Wayne Circuit Court
LC No. 13-007311-NO

Before: GADOLA, P.J., and SERVITTO and SHAPIRO, JJ.

GADOLA, P.J., (*concurring*)

I concur in the majority opinion but write separately to offer a brief response to the dissent. The dissent suggests that the question before us in this case is not the nature of the duty owed, but rather who makes the determination as to whether that duty has been satisfied. The dissent suggests that this determination in all such cases is for the trier of fact. I disagree.

Summary disposition under MCR 2.116(C)(10) is warranted when there is no dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 489-490; 835 NW2d 363 (2013). In this case, for purposes of this motion, there is no dispute as to the condition of the sidewalk and the circumstances under which plaintiff fell on that sidewalk. The only question that remains is whether this set of undisputed facts entitles defendants to judgment as a matter of law.

In a tort action, generally, whether a duty exists is a question of law for the court and not the province of the jury. *Maiden v Rozwood*, 461 Mich 109, 131; 597 NW2d 817 (1999). With respect specifically to an alleged breach of duty under MCL 554.139(1)(a), our Supreme Court has held that when the facts are undisputed and reasonable minds could not differ that a particular common area was fit for the use intended by the parties, then there has been no breach of duty under the statute and the plaintiff's claim in that instance fails as a matter of law. *Allison v AEW Capital Management, LLP*, 481 Mich 419, 430; 751 NW2d 8 (2008). In the case before us, the undisputed evidence establishes that the sidewalk differential was so slight that reasonable minds could not disagree that the sidewalk was fit for its intended use, namely, walking. Under such undisputed circumstances, no question for the jury exists.

-1-

The dissent suggests that the legislature intended that any defect in a sidewalk, no matter how minute, creates a question of fact as to whether the landlord has met its duty to maintain the sidewalk in a manner that it remains fit for its intended use. The dissent divines this legislative intent from its reading of an unrelated statute, §2a of the governmental tort liability act (GTLA), MCL 691.1402a. In that section, the legislature created a presumption that a municipality has maintained a sidewalk in reasonable repair whenever the height differential involved is less than 2 inches. This so-called "2-inch rule" existed at common law until the Supreme Court abolished it in 1972[1]. Rescission of the common law rule created an "open season" in government liability cases involving sidewalk defects that the dissent would have us adopt under the statute at issue in this case, where any allegation of defect of any size would always reach a jury. In 1999, the legislature codified the 2-inch rule in the GTLA as a way to bring a defined limit to the cases alleging governmental liability involving sidewalk defects that can (not must) be submitted to a jury[2]. It is ironic, then, for the dissent to conclude that the legislature's adoption of a limit on litigation in an unrelated statute shows that the legislature wanted the sort of no-holds-barred legal regime that it sought to eliminate in the GTLA to exist under the statute we consider here.

The dissent also points out that subsection (4) of §2a of the GTLA, MCL 691.1402a(4), leaves it to the court to decide as a matter of law whether the presumption of reasonable repair under subsection (3) of the GTLA, MCL 691.1402a(3), has been rebutted. The dissent takes this as an indication that the absence of such language in the statute applicable here precludes the trial court from making *any* determination regarding duty under the statute. As the authority cited above and in the majority opinion reaches the opposite conclusion, however, I am unable to agree. This approach is directly contrary to that set forth by our Supreme Court in *Allison*, 481 Mich at 430, where the Court found the question whether a duty had been breached to be removed from the province of the jury when the facts were undisputed and reasonable minds could not differ that the condition of the common area in question rendered that common area fit for its intended use.

Perhaps most troubling is that the dissent offers no limiting principle to the rule it proffers, so that presumably any defect in a sidewalk, no matter how small, would create a fact question that must be submitted to a jury. I am unwilling to conclude, as the dissent has, that the legislature intended that even the most miniscule alleged defect in a sidewalk creates a question of fact over whether a landlord has met its duty to maintain the sidewalk for the purpose intended.

/s/ Michael F. Gadola

---

[1] *Robinson v City of Lansing*, 486 Mich 1, 10; 782 NW2d 171 (2010), citing *Rule v Bay City*, 387 Mich 281; 195 NW2d 849 (1972).

[2] MCL 691.1402a; *Robinson*, 486 Mich at 10.