BAUER v DEPARTMENT OF TREASURY

Docket No. 141659. Submitted October 5, 1993, at Lansing. Decided December 20, 1993, at 9:50 A.M. Leave to appeal sought.

Carl Bauer and other holders of royalty interests as lessors of mineral rights in oil and gas wells brought an action in the Court of Claims against the Department of Treasury, seeking refunds of state income taxes paid on royalties already reduced by the plaintiffs' payment of severance taxes. The court, Thomas L. Brown, J., granted summary disposition for the department and denied summary disposition for the plaintiffs, rejecting the plaintiffs' contention that such royalties, pursuant to MCL 205.315; MSA 7.365, were exempt from state income taxes. The plaintiffs appealed.

The Court of Appeals *held:*

MCL 205.315; MSA 7.365 provides in part that the severance tax "shall be in lieu of all other taxes, state or local, . . . upon the oil or gas, the property rights attached thereto or inherent therein, or the values created thereby; upon all leases or the rights to develop and operate any lands of this state for oil and gas, the values created thereby and the property rights attached to or inherent therein." Pursuant to MCL 206.51(1); MSA 7.557(151)(1), the state income tax is levied and imposed "[f]or receiving, earning, or otherwise acquiring income from any source whatsoever." Because the severance tax act is more specific than the state income tax act with respect to taxation of royalty receipts, the apparent conflict between the acts is resolved by giving effect to the plain terms of the severance tax act: the severance tax shall be in lieu of all other taxes.

Reversed and remanded.

TAXATION — GAS AND OIL — ROYALTIES — SEVERANCE TAX — STATE INCOME TAX.

A person who pays severance tax on royalties received in an oil and gas lease is exempt from paying state income tax on those royalties (MCL 205.315; MSA 7.365).

REFERENCES
Am Jur 2d, State and Local Taxation § 220.
See ALR Index under Taxes.

*Rosi, Olson & Levine, P.C.* (by *Philip R. Rosi* and *John W. Tilley*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Russell E. Prins* and *Steven D. Hughey,* Assistant Attorneys General, for the defendant.

Before: BRENNAN, P.J., and WEAVER and J. M. BATZER,* JJ.

PER CURIAM. Plaintiffs are holders of royalty interests and lessors of mineral rights in oil and gas wells in the State of Michigan. In 1985, plaintiffs received royalty payments from the production of oil and gas. These royalties were reduced to reflect payment of the severance tax, pursuant to *Brown v Shell Oil Co,* 128 Mich App 111; 339 NW2d 709 (1983).

Plaintiffs submitted applications to defendant, the Department of Treasury, for refunds of that portion of their 1985 personal income taxes attributable to payments received on their royalty interests. In doing so, they relied on § 15 of the severance tax act, MCL 205.315; MSA 7.365, which provides:

> The severance tax herein provided for shall be in lieu of all other taxes, state or local, upon the oil or gas, the property rights attached thereto or inherent therein, or the values created thereby; upon all leases or the rights to develop and operate any lands of this state for oil or gas, the values created thereby and the property rights attached to or inherent therein: Provided, however, Nothing herein contained shall in anywise exempt the machinery, appliances, pipe lines, tanks and other equipment used in the development or operation of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

said leases, or used to transmit or transport the said oil or gas: And provided further, That nothing herein contained shall in anywise relieve any corporation or association from the payment of any franchise or privilege taxes required by the provisions of the state corporation laws.

Defendant denied plaintiffs' applications for refunds, relying on Revenue Administration Bulletin 1989-22.

Plaintiffs subsequently filed the instant suit, seeking a judgment declaring that Revenue Administration Bulletin 1989-22 was void and that plaintiffs were entitled to an exemption from state personal income taxes under § 15. Plaintiffs filed a motion for summary disposition. Following a hearing, the court ordered judgment in favor of defendant. Plaintiffs now appeal, and we reverse.

The sole issue before us is whether an individual who pays severance tax on royalties received in an oil and gas lease is exempt from paying income taxes on those royalties.

Plaintiffs argue that § 15 exempts royalty income from other state taxes. Plaintiffs point to the fact that although the severance tax was enacted before there was an income tax, it has never been amended to include an exception for income tax.[1]

Defendant argues that § 15 sets forth certain state and local taxes to which the exemption applies, and that there is nothing to indicate that the Legislature extended the exemption beyond those taxes in force in 1929. Defendant points to the fact that the Income Tax Act, MCL 206.1 *et seq.*; MSA 7.557(101) *et seq.*, did not provide for a credit for severance taxes that have been paid.

---

[1] We dismiss out of hand plaintiffs' argument in their brief that "[n]or was § 15 ever amended to add such an exception (despite its numerous modifications of the Act, including a broad overhaul in 1965)," because the Michigan income tax was not enacted until 1967.

We agree with plaintiffs.

When a statute is clear and unambiguous, judicial construction or interpretation is unnecessary and therefore precluded. *Lorencz v Ford Motor Co,* 439 Mich 370; 483 NW2d 844 (1992).

Here, the relevant portion of § 15 reads:

> The severance tax herein provided for shall be in lieu of all other taxes, state or local, upon . . . the values created . . . .

We find this to be a clear and unambiguous statement. When the statute says "in lieu of all other taxes," we can conclude only that it means what it says. The words of a statute are to be taken in the sense in which they will be understood by those who must abide by it. *In re D'Amico Estate,* 435 Mich 551; 460 NW2d 198 (1990).

The difficulty arises in considering this in conjunction with MCL 206.51(1); MSA 7.557(151)(1), which provides:

> For receiving, earning, or otherwise acquiring income from any source whatsoever, there is levied and imposed a tax . . . .

The most fundamental rule for the construction of two statutes covering the same subject generally is that they must be construed together to give meaning to both, if at all possible. *Borden, Inc v Dep't of Treasury,* 391 Mich 495; 218 NW2d 667 (1974). In case of conflict between two legislative enactments, the more specific statute or code must prevail. This is the commonly accepted view in dealing with such conflicts. This is so even though the specific statute was enacted before the general statute. *Imlay Twp School Dist v State Bd of Ed,* 359 Mich 478; 102 NW2d 720 (1960).

To give the specific statute, the severance tax act, its proper effect, we must hold that the payments on a royalty interest are not subject to personal income tax.

Although defendant argues that the Legislature never listed the income from royalty interests as exempt from the personal income tax, we note that it also never amended the severance tax to include personal income tax as an exception. If the Legislature desires a different result, it is certainly free to amend the appropriate statutes accordingly.

We reverse and remand for entry of the appropriate order in accordance with this opinion. We do not retain jurisdiction.