DETROIT EDISON COMPANY v SPARTAN EXPRESS, INC

Docket Nos. 190477, 190786. Submitted February 4, 1997, at Detroit. Decided October 10, 1997, at 9:05 A.M.

Detroit Edison Company brought two actions in the Oakland Circuit Court against Spartan Express, Inc., and others, seeking property protection insurance benefits pursuant to the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, from self-insured Spartan for two instances of damage caused by Spartan trucks to Detroit Edison powerlines strung over private driveways. Judgments in favor of Detroit Edison were entered following a bench trial in one case, Denise Langford Morris, J., and the grant of summary disposition in the other, Deborah J. Tyner, J. In each case, the court determined that Spartan could not invoke § 3123(3) of the no-fault act, MCL 500.3123(3); MSA 24.13123(3), which provides that property protection insurance benefits are not payable for damage to utility transmission lines and other equipment arising from the failure of a utility company to comply with MCL 247.186; MSA 9.266, which in part requires that utility transmission lines, when they are over a road, be no lower than fifteen feet above any part of the traveled portion of the road. Spartan and its parent company, Roadway Services, Inc., appealed in each case. The appeals were consolidated.

The Court of Appeals *held*:

"Traveled portion of the road," as used in MCL 247.186; MSA 9.266, includes public rights of way only and therefore does not apply to private driveways. The property protection insurance benefits exclusion under MCL 500.3123(3); MSA 24.13123(3) applies only to low-hanging utility transmission lines located over public rights of way.

Affirmed.

INSURANCE — NO-FAULT — PROPERTY PROTECTION INSURANCE — UTILITY LINES.

The exclusion of property protection insurance benefits for damage to utility transmission lines that hang lower than fifteen feet applies to utility lines over public highways only and therefore does not apply to low-hanging utility lines over private driveways (MCL 247.186, 500.3123[3]; MSA 9.266, 24.13123[3]).

*Jack M. Abella,* for Detroit Edison Company.

*Vandeveer, Garzia, P.C.* (by *Hal O. Carroll* and *James K. Thorne*), for Roadway Services, Inc., and Spartan Express, Inc.

Before: Hood, P.J., and Saad and T. S. Eveland*, JJ.

Saad, J.

I

NATURE OF THE CASE

In these no-fault insurance cases, Detroit Edison Company seeks property protection insurance benefits from defendant Spartan Express, Inc., and its parent company, Roadway Services, Inc. (hereafter Spartan), which is self-insured and thus acts as the no-fault insurer under MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, the no-fault insurance act (the act). Spartan's vehicle hooked certain utility wires and damaged Edison's transformer poles and wires, but claims it has no obligation to Edison because of a statutory exclusion referenced in the act. The circuit court rejected Spartan's argument, and because we find the exclusion inapplicable, we affirm.

II

BACKGROUND

This is a consolidated appeal. In both Docket No. 190477 and Docket No. 190786, Spartan appeals as of right from a judgment in favor of Edison.

In Docket No. 190477, Edison sought property protection benefits from self-insured Spartan following an accident that occurred on a private driveway and damaged Edison's wires and transformer poles, as

---

* Circuit judge, sitting on the Court of Appeals by assignment.

well as one of Spartan's trucks. Spartan argued that Edison was precluded by MCL 500.3123(3); MSA 24.13123(3) from recovery because Edison was in violation of MCL 247.186; MSA 9.266. Edison claimed that the exclusion was inapplicable because the accident took place on private property. After a bench trial, the trial court found that the property protection exclusion under MCL 500.3123(3); MSA 24.13123(3) did not apply because the wires in question did not hang over the *traveled portion* of the road as provided under MCL 247.186; MSA 9.266, and that Spartan therefore owed no-fault benefits.

In Docket No. 190786, Edison filed suit following a second similar incident, again seeking property protection benefits from Spartan. Following a hearing on cross-motions for summary disposition, the trial court entered judgment for Edison under MCR 2.116(I)(2), finding that the exclusion under MCL 500.3123(3); MSA 24.13123(3) did not apply because the driveway on which the accident occurred was not the traveled portion of the road and that Edison was therefore entitled to no-fault benefits.

Spartan now argues that the trial court erred in both cases in holding that MCL 500.3123(3); MSA 24.13123(3) and MCL 247.186; MSA 9.266 do not apply to low-hanging utility wires located over private property. According to Spartan, the phrase "traveled portion of the road," as used in MCL 247.186; MSA 9.266, includes a private driveway or road. We find Spartan's position untenable.

III

ANALYSIS

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Sanchez v Lagoudakis*, 217 Mich App 535, 540; 552 NW2d 472 (1996). The first criterion to consider in determining intent is the specific language of the statute. *Barr v Mt Brighton Inc*, 215 Mich App 512, 516-517; 546 NW2d 273 (1996). Courts may not speculate about the probable intent of the Legislature beyond the words expressed in the statute. *Sanchez, supra* at 540.

Michigan's no-fault insurance act provides for payment of property protection insurance benefits for "accidental damage to tangible property arising out of the ownership, operation, maintenance or use of a motor vehicle," without regard to fault. MCL 500.3121(1), (2); MSA 24.13121(1), (2). However, an insurer's liability to pay property protection benefits is subject to the exclusions contained in MCL 500.3123; MSA 24.13123, which Spartan claims are controlling here to relieve it of any obligation to Edison:

> (3) Property protection insurance benefits are not payable for property damage to utility transmission lines, wires, or cables arising from the failure of a municipality, utility company, or cable television company to comply with the requirements of section 16 of Act No. 368 of the Public Acts of 1925, being section 247.186 of the Michigan Compiled Laws.

MCL 247.186; MSA 9.266, as referenced by MCL 500.3123(3); MSA 24.13123(3), provides:

In no case shall any poles or other structures be placed above the ground or road grade between the curb or road shoulder lines, or closer than 15 feet from the center line of the roadway; and in no case shall any wires, cables or other fixtures be placed, or be permitted to remain, *at less height than 15 feet above any part of the traveled portion of the road.* [Emphasis added.]

Spartan claims, incorrectly in our view, that Edison is not entitled to no-fault benefits because although Edison's wires were on a private drive, this area should be considered as the "traveled portion of the road." Because the phrase "traveled portion of the road" is not defined in either the act or the statute regulating highway obstructions and encroachments, MCL 247.171 *et seq.*; MSA 9.251 *et seq.*, we must accord the phrase its "plain and ordinary meaning within the context of the statute." *Shanafelt v Allstate Ins Co*, 217 Mich App 625, 638; 552 NW2d 671 (1996).

Black's Law Dictionary (6th ed) defines "road" as follows:

A highway, an open way or public passage; a line of travel or communication extending from one town or place to another, a strip of land appropriated and used for purposes of travel and communication between different places.

Applying this definition to MCL 247.186; MSA 9.266, a plain reading of the phrase "traveled portion of the road" defeats Spartan's argument and supports Edison's view and the trial court's conclusion that the statutory provision applies only to low-hanging utility wires located over public rights of way.

MCL 247.186; MSA 9.266 was originally enacted as § 16 of 1925 PA 368. The preamble to 1925 PA 368, as amended by 1972 PA 268, states, in pertinent part:

An act to *prohibit obstructions and encroachments on public highways* . . . to prescribe the conditions under which . . . public utility companies . . . may enter upon, construct and maintain telegraph, telephone, power or cable television lines, pipe lines, wires, cables, poles, conduits, sewers and like structures upon, over, across, or under *public* roads, bridges, streets and waters and to provide penalties for the violation of this act. [Emphasis added.]

Although a preamble is not to be considered authority for construing specific statutory terms, it is useful for determining the subject matter addressed by the statute. See *Malcolm v East Detroit*, 437 Mich 132, 143; 468 NW2d 479 (1991). On the basis of the general meaning of the phrase "traveled portion of the road" and the Legislature's objective in dealing with highways, we conclude that MCL 247.186; MSA 9.266 was only intended to regulate placement of utility wires over *public highways*.

Spartan also makes various public policy arguments, none of which is persuasive in light of the express language of MCL 247.186; MSA 9.266. Accordingly, we affirm the trial court's judgment for Edison in both Docket No. 190477 and in Docket No. 190786.

Affirmed. Plaintiff Edison, being the prevailing party, may tax costs pursuant to MCR 7.219.