COOK v DEPARTMENT OF TREASURY

MILLER v DEPARTMENT OF TREASURY

Docket Nos. 195436, 197769. Submitted December 8, 1997, at Lansing. Decided May 19, 1998, at 9:10 A.M.

William J. and Harriette C. Cook brought an action in the Court of Claims against the Department of Treasury, alleging wrongful denial of their claim for a refund of income taxes paid. The refund claim was based on a net operating loss for purposes of computing their taxable income that was calculated by exempting from income the plaintiffs' proceeds from oil and gas exploration and development, which were subject to severance tax, and by deducting from income the expenses relating to the oil and gas exploration and development. The Court of Claims, Michael G. Harrison, J., ruled that the plaintiffs were entitled to the refund resulting from their net operating loss calculations. The defendant appealed. (Docket No. 195436).

Clyde E. and Betty E. Miller brought an action in the Court of Claims against the Department of Treasury, seeking the same relief on the same basis. The Court of Claims, Michael G. Harrison, J., ruled that the plaintiffs were entitled to the refund resulting from their net operating loss calculations. The defendant appealed. (Docket No. 197769). The appeals were consolidated.

The Court of Appeals *held*:

1. The holding in *Bauer v Dep't of Treasury*, 203 Mich App 97 (1993), that oil and gas proceeds subject to severance tax are exempt from taxation as income must be accepted as established law for purposes of these appeals.

2. Subsection 2(3) of the Michigan Income Tax Act, MCL 206.2(3); MSA 7.557(102)(3), provides that a Michigan taxpayer's income subject to tax is calculated in the same manner as it would be under the federal Internal Revenue Code, in the absence of any express provision of the state act requiring a different result. Therefore, the federal disallowance of deductions allocable to income exempt from income taxation, 26 USC 265(a)(1), applies in this case. Because the plaintiffs' oil and gas gross proceeds are not subject to income taxation, the plaintiffs are not permitted to

deduct expenses associated with the activity that generated those proceeds in calculating a net operating loss.

3. The ability to carry a net operating loss forward or back has nothing to do with how the net operating loss is properly calculated.

4. The severance tax act's "in lieu of all other taxes" language, coupled with 26 USC 265(a)(1) through operation of subsection 2(3) of the Michigan Income Tax Act means that both oil and gas gross proceeds and expenses are exempted from treatment under the Michigan Income Tax Act.

5. The Court of Claims erred in finding that the plaintiffs could deduct the oil and gas expenses in determining their net operating losses.

Reversed.

TAXATION — OIL AND GAS — INCOME TAX — SEVERANCE TAX — NET OPERATING LOSSES.

Oil and gas proceeds that are subject to Michigan severance tax are exempt from taxation as income under the Michigan Income Tax Act; the Michigan Income Tax Act provides that, in the absence of any express provision in the act requiring a different result, income subject to tax is to be calculated in the same manner as it would be under the federal Internal Revenue Code; the Internal Revenue Code does not allow deductions allocable to income that is exempt from income taxation; because oil and gas proceeds subject to the severance tax are not subject to taxation under the Michigan Income Tax Act, the expenses properly allocated to the production of the oil and gas proceeds may not be included in calculating a net operating loss with regard to tax liability under the Michigan Income Tax Act; both oil and gas gross proceeds subject to the severance tax and their expenses are exempted from treatment under the Michigan Income Tax Act (26 USC 265[a][1]; MCL 205.315, 206.2[3], 206.30[1][o], [p]; MSA 7.365, 7.557[102][3], 7.557[130][1][o], [p]).

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Samuel J. McKim, III, Robert F. Rhoades,* and *Joanne B. Faycurry*), for the plaintiffs.

*Frank J.* Kelley, Attorney General, *Thomas L. Casey,* Solicitor General, and Kevin *T. Smith,* Assistant Attorney General, for the defendant.

Before: O'CONNELL, P.J., and WHITE and BANDSTRA, JJ.

BANDSTRA, J. In these consolidated appeals, the Michigan Department of Treasury (defendant) challenges orders issued by the Court of Claims in favor of the plaintiff taxpayers. We reverse.

Plaintiffs are involved in oil and gas exploration and development. They filed personal income tax returns and Michigan severance tax returns for several years before the issuance of *Bauer v Dep't of Treasury*, 203 Mich App 97; 512 NW2d 42 (1993). Before *Bauer*, defendant treated oil and gas revenues as taxable under the Michigan Income Tax Act (ITA), MCL 206.1 *et seq.*; MSA 7.557(101) *et seq.* In *Bauer*, this Court concluded that the severance tax act's "in lieu of all other taxes" provision, MCL 205.315; MSA 7.365, clearly and unambiguously meant that oil and gas proceeds subject to severance tax are exempt from taxation as income. Accordingly, plaintiffs filed amended income tax returns for the years at issue. After exempting oil and gas gross proceeds from income, but still deducting oil and gas expenses, each of the amended returns reflected a net operating loss (NOL), which plaintiffs carried back to offset income in previous years and resulted in a claim for a refund. Defendant denied the refund claims, taking the position that the NOLs had been improperly calculated, and these lawsuits resulted.

The parties filed motions and cross-motions for summary disposition, there being no genuine issue of material fact but only questions of law regarding the proper interpretation of the applicable statutory sections. The Court of Claims decided in favor of plaintiffs and determined that they were entitled to the refunds resulting from their NOL calculations.

Defendant first argues that *Bauer* was wrongly decided and asks that we express our disagreement with its holding so that a special panel might possibly be convened under MCR 7.215(H) for the purpose of reversing *Bauer*. We decline this invitation. Pursuant to MCR 7.215(H), *Bauer* was followed by a panel of this Court in *Cowen v Dep't of Treasury*, 204 Mich App 428; 516 NW2d 511 (1994), notwithstanding the opinion of two judges on the panel that *Bauer* was wrongly decided. This did not result in the convening of a special panel or reversal of *Bauer* under MCR 7.215(H). Further, our Supreme Court denied leave to appeal in both *Bauer*, 447 Mich 979 (1994), and *Cowen*, 447 Mich 980 (1994).

In addition, since *Bauer* was decided, the Legislature has had two opportunities to correct *Bauer*'s understanding of the severance tax act if it was contrary to legislative intent. In 1994, the severance tax act was amended to add a provision to help finance the orphan well fund and the state general fund. 1994 PA 307, MCL 205.314(1)(a) and (b); MSA 7.364(1)(a) and (b), effective October 1, 1994. In 1996, the act was again amended to add a severance tax exemption for certain gas and oil products. 1996 PA 135, MCL 205.303(3); MSA 7.353(3), effective March 19, 1996. The Legislature is presumed to act with knowledge of appellate court statutory interpretations. *Glancy v Roseville*, 216 Mich App 390, 394; 549 NW2d 78 (1996). We agree with plaintiffs that *Bauer* must be accepted as established law at least in our Court for purposes of these appeals. Therefore, we consider defendant's second argument starting with the *Bauer* holding.

Assuming under *Bauer* that oil and gas gross proceeds that are subject to the severance tax act are not properly taxable as income under the ITA, defendant argues on appeal that neither those proceeds nor any related expenses should be included in plaintiffs' NOL calculations. This is a question of law centering on various sections of the ITA, a matter that we review de novo. *USAA Ins Co v Houston General Ins Co*, 220 Mich App 386, 389; 559 NW2d 98 (1996).

In allowing taxpayers an NOL adjustment for the purpose of computing "taxable income," the Michigan ITA at the time relevant to these appeals referenced the federal Internal Revenue Code (IRC):

> (l) "Taxable income" means . . . adjusted gross income as defined in the internal revenue code subject to the following adjustments:
>
> \* \* \*
>
> (o) Add, to the extent deducted in determining adjusted gross income, the net operating loss deduction under section 172 of the internal revenue code.
>
> (p) Deduct a net operating loss deduction for the taxable year as defined in section 172 of the internal revenue code subject to the modifications under section 172(b)(2) of the internal revenue code and subject to the allocation and apportionment provisions of chapter 3 of this act for the taxable year in which the loss was incurred. [MCL 206.30(1)(o) and (p); MSA 7.557(130)(1)(o) and (p).]

Subsection 172(c) of the IRC defines an NOL:

> Net operating loss defined.—For purposes of this section, the term "net operating loss" means the excess of the deductions allowed by this chapter over the gross income. . . . [26 USC 172(c).]

The IRC further provides that certain deductions are not generally allowable:

> General Rule.—No deduction shall be allowed for—
>
> (1) Expenses.—Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest . . . wholly exempt from the taxes imposed by this subtitle . . . . [26 USC 265(a)(1).]

This limitation applies in determining deductions allowable in calculating an NOL.

For federal tax purposes, these provisions of the IRC are quite straightforward and easily applied to oil and gas gross proceeds because those proceeds are subject to federal income taxation. Specifically, oil and gas gross proceeds are included within federal "adjusted gross income" subject to any NOL deduction under § 172 of the IRC that might apply. Because oil and gas gross proceeds are not a class of income wholly exempt from the taxes imposed by the IRC, deductions for expenses incurred in generating those proceeds are not subject to the disallowance of 26 USC 265(a)(1).

The central issue in this case is whether this same approach should be taken for purposes of the NOL provisions of subsection 30(1) of the Michigan ITA, even though, because of *Bauer*, oil and gas gross proceeds are no longer subject to state income taxation. In other words, must expenses that are properly allocated to the production of oil and gas gross proceeds be excluded in calculating an NOL because those proceeds are exempt from tax under the ITA as determined in *Bauer*?

In answering this question, we are governed by the usual rules of statutory construction. "The primary

goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature." *Little Caesar Enterprises, Inc v Dep't of Treasury,* 226 Mich App 624, 629; 575 NW2d 562 (1997). "When ascertaining legislative intent, the language of the statute should be given a reasonable construction, considering the statute's purpose and the object sought to be accomplished." *Great Lakes Sales, Inc v State Tax Comm,* 194 Mich App 271, 276; 486 NW2d 367 (1992).

In this case, our task is aided greatly by an ITA provision specifying legislative "intent" and "the object sought to be accomplished" by the statute:

> It is the intention of this act that the income subject to tax be the same as taxable income as defined and applicable to the subject taxpayer in the internal revenue code, except as otherwise provided in this act. [MCL 206.2(3); MSA 7.557(102)(3).]

This statement of intent was useful to another panel of our Court in *Preston v Dep't of Treasury,* 190 Mich App 491; 476 NW2d 455 (1991), which considered a related question regarding whether Michigan income tax taxpayers should receive a deduction for an NOL.[1] Our Court reasoned that "[b]ecause the Internal Revenue Code defines adjusted gross income to include a deduction for an NOL, it, therefore, follows that the Michigan Income Tax Act allows an NOL deduction" through the operation of subsection 2(3). *Id.* at 495. In addition to allowing Michigan taxpayers an NOL deduction based on the IRC applied through

---

[1] For the tax years at issue in *Preston,* the statute did not include the NOL provisions quoted above; it has since been amended to include them. *Preston, supra* at 494-496.

subsection 2(3) of the Michigan ITA, the Court further reasoned that taxpayers could apply the NOL deduction using the carry-back and carry-forward provisions of the IRC as well. *Id.*

The logic of *Preston* is clear. Subsection 2(3) means that a Michigan taxpayer's "income subject to tax" is calculated in the same manner as it would be under the federal IRC, in the absence of an express provision of the Michigan ITA requiring a different result.[2] As with the federal NOL and carry-forward/carry-back rules adopted for Michigan ITA purposes in *Preston*, we conclude that the federal disallowance of deductions allocable to income exempt from income taxation applies in this case.[3] Because plaintiffs' oil and gas gross proceeds are not subject to income taxation, they are not permitted to deduct expenses associated with the activity that generated those proceeds in calculating an NOL.

---

[2] Plaintiffs do not argue that there is a provision of the ITA making subsection 2(3) inapplicable in this case. To the extent that other sections of the ITA are relied upon by the taxpayers, their arguments are rejected further on in this opinion.

[3] Our conclusion that subsection 265(a)(1) of the IRC generally applies, under subsection 2(3) of the ITA, to prevent Michigan taxpayers from deducting expenses related to exempt classes of income is not undermined by the inclusion within the Michigan ITA of a provision requiring that result for expenses incurred in producing tax-exempt "income derived from obligations . . . of the United States . . . ." See MCL 206.30(1)(d); MSA 7.557(130)(1)(d). The disallowance of deductions in IRC subsection 265(a)(1), by its terms, only applies to amounts allocable to interest to the extent the interest is "wholly exempt from the taxes imposed by this subtitle . . . ." 26 USC 265(a)(1). Interest on United States government obligations is not exempt from federal taxation. Thus, subsection 30(1)(d)'s disallowance of a deduction for expenses incurred in producing interest income from United States government obligations applies to a class of income that is not within the general purview of IRC subsection 265(a)(1). Accordingly, subsection 30(1)(d) of the ITA does nothing to negate the general applicability of IRC subsection 265(a)(1) to noninterest classes of income such as the oil and gas gross proceeds at issue here.

We find plaintiffs' arguments against that result to be wholly unconvincing.[4] Their basic argument rests on MCL 206.30(1)(p); MSA 7.557(130)(1)(p), which at the time relevant to these appeals allowed an NOL deduction "as defined in section 172 of the internal revenue code . . . ." Plaintiffs argue that this provision should be applied in a wooden fashion to them, allowing them to calculate an NOL including expenses related to oil and gas activity simply because, under § 172 of the IRC, they are allowed to include those expenses for federal tax purposes. However, this is the result under § 172 only because oil and gas gross proceeds are taxable income for federal purposes and, if they were not, the expenses would not be a deduction allowable in calculating a federal NOL. 26 USC 172(c); 26 USC 265(a)(1). We construe the statement of legislative intent found in the ITA to mean that we must treat a Michigan taxpayer the same way that taxpayer would be treated under the federal IRC. MCL 206.2(3); MSA 7.557(102)(3). If the taxpayer's oil and gas gross proceeds were exempt from income taxation under federal law, they would not be allowed to deduct expenses allocable to those proceeds in calculating an NOL. Accordingly, because those proceeds are exempt from Michigan income taxation under *Bauer*, plaintiffs cannot deduct expenses allocable to the proceeds in calculating a Michigan NOL.

Plaintiffs argue that the income averaging allowed by the carry-forward/carry-back provisions applicable to NOLs somehow evidences a legislative intent regarding how NOLs should be calculated in the first place.

---

[4] We also note that, because the taxpayers are seeking an exemption from taxation, we construe the statute strictly in favor of defendant. *Great Lakes Sales, Inc, supra.*

For purposes of this case, plaintiffs argue that the NOL calculation should allow deductions for gas and oil production expenses. We fail to see the logic of this argument; the ability to carry an NOL forward or back has nothing to do with how an NOL is properly calculated. Thus, we find cases like *Production Credit Ass'n of Lansing v Dep't of Treasury*, 404 Mich 301; 273 NW2d 10 (1978), cited by plaintiffs, to be inapposite.

Plaintiffs also argue that a "separate accounting" approach where "one would in theory separate the several businesses of a taxpayer, so that each business would be treated as if conducted by a separate entity" has generally been rejected. Accordingly, plaintiffs argue that we should reject an approach that treats oil and gas activity by a taxpayer as a separate matter and thus disallows the deduction of oil and gas expenses from revenues generated in other endeavors. We need not decide whether a general "separate accounting" approach has, in fact, been rejected. Instead, we are governed by the language of the statutes, and we conclude that the severance tax act's "in lieu of" language, coupled with 26 USC 265(a)(1) through operation of subsection 2(3) of the ITA as discussed above, means that both oil and gas gross proceeds and expenses are exempted from treatment under the Michigan ITA. To the extent that this establishes an accounting for both proceeds and expenses of gas and oil activity separate from the ITA, that is the result required by the statutes.

Finally, plaintiffs make what are, in effect, a number of policy arguments. They point out that the tax rate imposed upon gross proceeds under the severance tax act is higher than the rate imposed on

income under the ITA and that the severance tax act allows no deductions for expenses related to the production of oil and gas proceeds. While all of this may be true, it has nothing to do with the legislative intent regarding the question at issue here. If plaintiffs feel that the severance tax rate is too high or that gross proceeds should be reduced by business expenses before imposition of the severance tax, they should approach the Legislature for changes in the severance tax act.

Similarly, plaintiffs argue that our decision today could result in taxpayers paying a higher income tax than if there were no "in lieu of" language in the severance tax act removing gross proceeds from income taxation. This will occur "every time a taxpayer's oil and gas activity expenses exceed its oil and gas gross proceeds." Again, while this may be true, we do not agree with the taxpayers that this is an "absurd consequence" clearly in contradiction of legislative intent.[5] Instead, plaintiffs' argument presents a policy question properly to be considered by the Legislature, not the courts.

We reversed.

---

[5] This may be an unintended consequence of the tax statutes and, if so, the taxpayers may be able to present a good argument that the statutes should be amended.