ELENBAAS v DEPARTMENT OF TREASURY

Docket No. 197467. Released August 4, 1998, at 9:05 A.M.; vacated August 18, 1998.

Before: HOOD, P.J., and MARKMAN and TALBOT, JJ.

HOOD, P.J. Judgment was entered in favor of plaintiffs on their complaint that alleged that defendant improperly denied or reduced the claimed income tax refunds for 1990, 1991, 1992, and 1993. Defendant appeals by leave granted.[1] We affirm in part, reverse in part, and remand.

After this Court's ruling in *Bauer v Dep't of Treasury,* 203 Mich App 97; 512 NW2d 42 (1993), plaintiffs filed amended income tax returns for 1990, 1991, 1992, and 1993, seeking refunds for income taxes paid on their gross receipts from oil and gas production. In *Bauer,* this Court determined that § 15 of the severance tax act, MCL 205.315; MSA 7.365, allows an individual who pays the severance tax on royalties received from oil and gas leases to be exempt from paying income tax on those royalties. *Bauer, supra* at 99. This Court held that § 15 was clear and unambiguous and that, when it applies, the severance tax is to be paid in lieu of all other taxes. *Id.* at 100. No exception is made for the income tax. *Id.* at 101. Because plaintiffs had paid both the severance tax and the income tax on the gross receipts from their oil and gas production in those years, they filed amended income tax returns. Plaintiffs calculated the amount of their claimed refunds by subtracting the amount of their gross receipts from oil and gas production, which receipts had been taxed pursuant to the severance tax act, from the total taxable income on the returns for each year. They then recalculated the amount of income tax owed.

---

[1] Defendant's appeal as of right was not timely filed. This Court granted defendant's delayed application to appeal on April 23, 1997.

Defendant failed to issue the full amount of the refunds claimed for 1990, 1991, and 1992 and failed to issue any refund for 1993. It determined that the amount of gross receipts should not have been deducted from the total taxable income, but rather the amount of net income derived from oil and gas production for each year should be subtracted. This resulted in less of a refund for 1990, 1991, and 1992. In 1993, plaintiffs did not enjoy net income from their oil and gas production, but rather had a net loss. Defendant determined that the net loss should be added to their total taxable income for 1993 and thus, plaintiffs owed additional taxes for that year. The Court of Claims determined that plaintiffs were entitled to the full refunds claimed, which refunds were calculated by subtracting the gross receipts from oil and gas production from their total taxable income.

Defendant first argues that *Bauer* was incorrectly decided and that income tax should be paid in addition to the severance tax on receipts from oil and gas production. Pursuant to MCR 7.215(H)(1), we are bound to follow *Bauer*. Moreover, we agree with the reasoning and result in *Bauer*.

The severance tax act imposed a specific tax, not a property tax, on producers engaged in the business of severing oil and gas interests from real property. MCL 205.301; MSA 7.351; *Lawnichak v Dep't of Treasury*, 214 Mich App 618, 623; 543 NW2d 359 (1995). "Producers" are defined under the severance tax act to include persons entitled to royalties under oil and gas leases. MCL 205.312(2); MSA 7.362(2). Section 15 of the severance tax act specifically provides that the severance tax is to be paid "in lieu of all other taxes":

> The severance tax herein provided for shall be in lieu of all other taxes, state or local, upon the oil or gas, the property rights attached thereto or inherent therein, or the values created thereby; upon all leases or the rights to develop and operate any lands of this state for oil or gas, the values created thereby and the property rights attached to or inherent therein: Provided, however, Nothing herein contained shall in anywise exempt the machinery, appliances, pipe lines, tanks and other equipment used in the development or operation of said leases, or used to transmit or transport the said oil or gas: And provided further, That nothing herein contained shall in anywise relieve any corporation or association from the payment of any franchise or privilege taxes required by the provisions of the state corporation laws [MCL 205.315; MSA 7.365.]

In *Bauer, supra* at 100, this Court held that the language of § 15, that the severance tax is to be paid in lieu of all other taxes, was clear and unambiguous and that royalty payments subject to the severance tax were exempt from being taxed pursuant to the Income Tax Act (ITA). In *Cowen v Dep't of Treasury*, 204 Mich App 428; 516 NW2d 511 (1994), a different panel of this Court again addressed whether § 15 relieved a producer of oil and gas interests from paying a tax in addition to the severance tax, that tax being the single business tax. The majority of the *Cowen* panel followed *Bauer* only because it was compelled to do so by Administrative

Order No. 1990-6, as extended by Administrative Order No. 1994-3.[2] The majority found that the language was not clear and unambiguous because of the clauses modifying that phrase:

> [W]e would conclude that the statement "in lieu of all other taxes," is not clear and unambiguous because it is modified by the clauses that follow the statement. We read § 15 as providing that the severance tax is in lieu of all other taxes (1) upon the oil and gas, the property rights attached thereto, or the values created thereby and (2) upon the leases or rights to develop lands for oil or gas, the values created thereby and the property rights attached thereto. In this case, the relevant question is whether the single business tax is a tax upon the "values created" by the oil and gas. We find the term "values created" to be unclear and susceptible to more than one interpretation. The Tax Tribunal construed the statute and determined that the exemption applied only to ad valorem property taxes. [*Cowen, supra* at 434.]

The *Cowen* majority failed to further elaborate on its position because construction or interpretation of the phrase would have been inappropriate in light of the *Bauer* decision. *Id.*

*Bauer* was decided by this Court in December 1993, and the Legislature has not acted to amend § 15 to clarify whether the severance tax was truly meant to be paid by producers of oil and gas interests "in lieu of *all* other taxes," including income tax and the single business tax. This silence by the Legislature following the *Bauer* decision suggests that the Legislature has consented to its holding that the severance tax is in lieu of all other taxes.[3] See *Glancy v Roseville*, 216 Mich App 390, 394-395; 549 NW2d 78 (1996), aff'd 457 Mich 580; 577 NW2d 897 (1998).

We reaffirm that the *Bauer* Court correctly interpreted the language of § 15. If the plain and ordinary meaning of statutory language is clear, judicial construction is normally neither necessary nor permitted. *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992). The phrase "[t]he severance tax herein provided for shall be in lieu of all other taxes, state or local" is clear and unambiguous. The word "all" usually denotes an unqualified classification, leaving no room for exceptions. See *Skotak v Vic Tanny Int'l, Inc*, 203 Mich App 616, 619; 513 NW2d 428 (1994), where this Court interpreted the word "all" within the context of a contract dispute. Moreover, the clauses modifying the phrase at issue are neither unclear nor ambiguous.

---

[2] Judge GRIFFIN concurred with the majority in *Cowen*. However, he followed *Bauer*, not because he was compelled to do so, but because he believed *Bauer* was correctly decided.

[3] Judge MARKMAN does not agree that legislative silence in the wake of a judicial interpretation of a statutory provision is relevant in assessing the merits of such interpretation. *Presque Isle Twp School Dist No 8 Bd of Ed v Presque Isle Co Bd of Ed*, 364 Mich 605, 612; 111 NW2d 853 (1961).

In *Cowen, supra* at 434, the Court correctly pointed out that § 15 provides exemptions from "all other taxes" (1) upon the oil and gas, the property rights attached thereto, or the values created thereby and (2) upon the leases or rights to develop land for oil or gas, the values created thereby, and the property rights attached thereto. According to the language of the second phrase, leaseholds are not subject to any other taxes, which necessarily includes property tax that would otherwise normally be paid. Construing § 15 as only exempting ad valorem property taxes, as the Tax Tribunal argued in *Cowen,* however, would amount to ignoring the first phrase. The oil and gas itself, property rights attached to the oil and gas, and the values created by the oil and gas are also not subject to any other taxes according to that phrase. It is not just the leaseholds, which are subject to property taxes, that are exempt from all other taxes.

Receipts and royalty interests are "property rights" that are attached to the oil and gas itself. In *Mobil Oil Corp v Dep't of Treasury,* 422 Mich 473, 479-480; 373 NW2d 730 (1985), the Supreme Court discussed the nature of oil and gas transactions. The operator-lessee is entitled to enter onto the surface of the property to explore for oil and gas. *Id.* The landowner-lessor is paid a sum of money by the operator-lessee for the right to explore the land. The property owner is also entitled to a royalty, either in kind or money, on all of the oil or gas that is extracted. *Id.* Thus, the property owner has a property interest, by way of the royalty interest, in all of the oil or gas that is extracted from his property. The royalties are therefore exempt from further taxation because they are "property rights" attached to the oil or gas. Moreover, royalties are arguably "values created" by the severance of the oil and gas because without the severance of the oil and gas, plaintiffs would not be entitled to the royalties. Because we find that receipts and royalty interests are included within § 15, they are exempt from taxation other than the taxes paid under the severance tax act.

We acknowledge that the preamble to the severance tax act indicates that the act is meant to exempt those paying the tax "from certain other taxes" and does not indicate that those paying the tax are exempt from paying all other taxes. However, greater deference should be given to the actual statutory language rather than the preamble because the preamble is not authority for construing specific statutory terms.[4] *Detroit Edison Co v Spartan Express, Inc,* 225 Mich App 629, 634; 572 NW2d 39 (1997).

Defendant next argues, in the alternative, that the trial court incorrectly determined that the amount of gross receipts, and not the net income, was exempt from income tax. We disagree. The severance tax is paid on

---

[4] Judge MARKMAN does not believe that the preamble phrase "certain other taxes" is in tension with the statutory language or that "greater deference," therefore, needs to be accorded to either the statutory or preamble language. The use of the term "certain" in this context is the traditional legislative means of referring to "known and particularized but not explicitly identified" objects. The New Shorter Oxford English Dictionary (Oxford Press, 1993) at 364.

the value of the gross amount of production of gas and oil as computed immediately after the severance. MCL 205.303; MSA 7.353. See also *Fruehauf v Dep't of Treasury*, 9 MTTR 536 (1997), aff'd 10 MTTR 79 (1997).[5] It appears that the goal of § 15 is to exempt that which has already been taxed under the severance tax act. If gross receipts are taxed under the severance tax act, then it necessarily follows that gross receipts, not net income, are exempt from taxation under the ITA. The Tax Tribunal reached a similar result. *Fruehauf, supra* at 9 MTTR 540. Such an interpretation gives effect to the clear language of § 15, which states that the severance tax is to be paid "in lieu of all other taxes." Moreover, a recent panel of this Court recognized that under *Bauer*, oil and gas *gross* proceeds are no longer subject to state income taxation. *Cook v Dep't of Treasury*, 229 Mich App 653; 583 NW2d 696 (1998). To reach the result proposed by defendant would require judicial modification of the statute.

We also note that if gross income is decreased by expenses to arrive at net income, which would constitute the exemption, the resulting taxable portion of income would be based on expenses. Income tax is not to be assessed on expenditures made. Rather, income tax is intended to be assessed upon the income of a person. *Davis v Dep't of Treasury*, 124 Mich App 222, 227; 333 NW2d 521 (1983). Thus, we find defendant's argument, that net income is the only amount subject to the exemption and that expenses should be taxed as income, to be without merit. Plaintiffs were entitled to an exemption of the gross receipts from the production of oil and gas.

Defendant next argues that plaintiffs' net operating loss for 1993 should have been added into their taxable income for Michigan and that its assessment of tax based on taxable income including the net operating loss was appropriate. This Court's recent decision in *Cook* supports defendant's position. As discussed below, however, were we permitted, we would disagree with defendant's position and hold that plaintiffs were entitled to deduct their oil and gas production expenses and net operating loss when calculating their taxable income for 1993.

The *Cook* Court concluded that expenses associated with an activity that generates proceeds that are not subject to income taxation cannot be deducted when determining the amount of income tax owed. *Cook, supra* at 660. That Court relied on subsection 2(3) of the ITA, MCL 260.2(3); MSA 7.557(102)(3), which provides that taxable income under the ITA is the same as taxable income under the Internal Revenue Code (IRC), and subsection 265(a)(1) of the IRC, 26 USC 265(a)(1), which prohibits as a deduction under the IRC an amount allocable to income exempt from taxation. The *Cook* Court reasoned that because oil and gas proceeds are not subject to income taxation under the ITA, expenses related to those proceeds cannot be deducted in calculating net operating loss (NOL). *Cook, supra* at 660.

---

[5] *Fruehauf* is currently on appeal in this Court, Docket Nos. 208590 and 208661.

Section 2(3) means that a Michigan taxpayer's "income subject to tax" is calculated in the same manner as it would be under the federal IRC, in the absence of an express provision of the Michigan ITA requiring a different result. . . . [W]e conclude that the federal disallowance of deductions allocable to income exempt from income taxation applies in this case. Because plaintiffs' oil and gas gross proceeds are not subject to income taxation, they are not permitted to deduct expenses associated with the activity that generated those proceeds in calculating an NOL. [*Id.*]

In *Cook*, the plaintiffs argued that because § 172 of the IRC, 26 USC 172, allowed them to calculate their federal NOL by including expenses related to oil and gas production, they should be allowed to include oil and gas expenses when calculating their Michigan NOL. The *Cook* Court rejected that argument:

Plaintiffs argue that [§ 172] should be applied in a wooden fashion to them, allowing them to calculate an NOL including expenses related to oil and gas activity simply because, under § 172 of the IRC, they are allowed to include those expenses for federal tax purposes. However, this is the result under § 172 only because oil and gas gross proceeds are taxable income for federal purposes and, if they were not, the expenses would not be a deduction allowable in calculating a federal NOL. 26 USC 172(c); 26 USC 265(a)(1). We construe the statement of legislative intent found in the ITA to mean that we must treat a Michigan taxpayer the same way that the taxpayer would be treated under the federal IRC. MCL 206.2(3); MSA 7.557(102)(3). If the taxpayer's oil and gas gross proceeds were exempt from income taxation under federal law, they would not be allowed to deduct expenses allocable to those proceeds in calculating an NOL. Accordingly, because those proceeds are exempt from Michigan income taxation under *Bauer*, plaintiffs cannot deduct expenses allocable to the proceeds in calculating a Michigan NOL. [*Id.* at 661.]

On the basis of the holding and reasoning in *Cook*, we are constrained to hold that plaintiffs herein were not entitled to deduct oil and gas expenses when calculating their 1993 Michigan income tax or to include those expenses when calculating their NOL for Michigan income tax purposes.

Although bound by the holding in *Cook*, we disagree with its rationale. Subsection 30(1) of the ITA, MCL 206.30(1); MSA 7.557(130)(1), defines "taxable income" as a taxpayer's federal adjusted gross income, as defined in the IRC, subject to a number of state adjustments. The IRC defines "adjusted gross income" as gross income minus deductions, one of which is a deduction for ordinary and necessary business expenses. 26 USC 62(a)(1); 26 USC 162(a). Federal tax regulations define business expenses as "expenditures directly connected with or pertaining to the taxpayer's trade or business" 26 CFR 1.162-1. Among the items included in business expenses are management expenses, commissions, labor, supplies, incidental repairs, operating expenses of automobiles used in the trade or

business, traveling expenses, advertising and other selling expenses, together with insurance premiums, and rent for the use of business property. *Id.* The IRC and the federal regulations do not contain any distinct treatment or make exceptions for expenses associated with oil and gas production. Therefore, plaintiffs were entitled to deduct oil and gas production expenses when calculating their federal adjusted gross income. As previously stated, plaintiffs' taxable income under the ITA, MCL 206.30; MSA 7.557(130), was their federal adjusted gross income with certain modifications, none of which disallows the deduction of business expenses arising out of production of oil and gas. Our Legislature could have enacted a provision in the ITA requiring that expenses attributable to income exempt from the Michigan income tax be considered as taxable income. To date, it has not chosen to do so. Because subsection 30(1) of the ITA is clear and unambiguous and does not require the addition of oil and gas production expenses into federal adjusted gross income, judicial interpretation to reach a different result is not permitted. *Bauer, supra* at 100. We believe that the ITA necessarily provides that taxable income will not include oil and gas production expenses, which are a proper deduction in arriving at federal adjusted gross income. Because plaintiffs were entitled to the deductions when calculating their federal adjusted gross income and because the ITA does not provide that the expenses associated with oil and gas production must be added back into federal adjusted gross income when calculating taxable income for Michigan, we would hold that the trial court correctly allowed the deductions, were we not required to follow *Cook*.

We also disagree with defendant's argument that allowing deductions for the expenses associated with oil and gas production amounts to allowing plaintiffs to take deductions without paying taxes on the income derived from the oil and gas ventures, which gave rise to the deductions. The Michigan severance tax is imposed on gross receipts, which include income derived from the production of oil and gas without any deductions being taken. Thus, we find it disingenuous for defendant to argue that no tax is being paid on the income derived from the oil and gas ventures.[6] More importantly, the fact that the gross receipts are taxed under the severance tax act without an allowance for expenses under that act reinforces that the corresponding deduction for expenses should be taken under the ITA. As noted by the *Cook* Court, the Legislature intended to

___

[6] Defendant's citation of 26 USC 265(a)(1) is entirely inapplicable. That section provides that "[n]o deduction shall be allowed for—(1) Expenses.—any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest . . . *wholly exempt from the taxes imposed by this subtitle*" (emphasis added). First, plaintiffs' income derived from their oil and gas enterprise was taxable under the IRC and that is why they were allowed to deduct their expenses when calculating their federal adjusted gross income. Second, this subsection is not part of the ITA, and thus defendant's attempt to use it by analogy to disallow a deduction for business expenses related to their oil and gas production is tantamount to adding substance to the ITA.

treat the Michigan taxpayer the same way that he would be treated under the IRC. *Cook, supra* at 661. Under the IRC, where tax is paid on the proceeds, a deduction is allowed. Here, Michigan tax is paid on the proceeds by way of the severance tax act. Thus, a corresponding deduction should be allowed in keeping with the goal of subsection 2(3) of the ITA. The decision in *Cook*, however, forecloses such a result.

We also believe that it was inappropriate for defendant to add plaintiffs' 1993 NOL into their taxable income. When calculating taxable income pursuant to the ITA, net operating losses, which were deducted when determining federal adjusted gross income,[7] are added back to the federal adjusted gross income, MCL 206.30(1)(o); MSA 7.557(130)(1)(o). However, the net operating loss is then again deducted after being recalculated, MCL 206.30(1)(p); MSA 7.557(130)(1)(p). Net operating losses are therefore appropriate deductions under the ITA when properly calculated pursuant to the applicable statutes. Moreover, the ITA does not create a distinction between losses related to the business of producing oil and gas and other losses. We also note that defendant does not contest the amount of the deduction but only whether it was appropriate at all.

For the foregoing reasons, we disagree with the conclusions of *Cook* with regard to this issue. We are required by MCR 7.215(H), however, to follow and apply the holding of *Cook*.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[7] 26 USC 172.