## ELENBAAS v DEPARTMENT OF TREASURY

Docket No.197467. Submitted April 9, 1998, at Lansing. Decided April 23, 1999, at 9:20 A.M. Leave to appeal sought.

Jack and Eleanor Elenbaas brought an action in the Court of Claims against the Department of Treasury, seeking the refund of income taxes paid on gross receipts from oil and gas production. The plaintiffs, who had paid severance taxes on royalties received from oil and gas leases, claimed the income tax refunds on the ground that § 15 of the severance tax act, MCL 205.315; MSA 7.365, allows individuals who pay the severance tax on royalties received from oil and gas leases to be exempt from paying income tax on those royalties because the severance tax is paid in lieu of all other state or local taxes. The court, Michael G. Harrison, J., granted a judgment for the plaintiffs, determining that the plaintiffs are entitled to subtract from taxable income their gross receipts from oil and gas production, and not their net income therefrom. The Court of Appeals, HOOD, P.J., and MARKMAN and TALBOT, JJ., affirmed in part, reversed in part, and remanded, holding that the plaintiffs are entitled to exclude from Michigan taxable income their gross receipts from oil and gas production, and stating that MCR 7.215(H)(1) constrains it to follow *Cook v Dep't of Treasury*, 229 Mich App 653 (1998), and hold that the plaintiffs' oil and gas net operating loss for one of the taxable years in question should be added to their taxable income for that year because income subject to the Michigan income tax is calculated in the same manner as it would be under the federal Internal Revenue Code, and that code disallows deductions allocable to income exempt from income taxation. The Court of Appeals, sitting en banc, vacated the Court of Appeals opinion in this case and convened a special panel pursuant to MCR 7.215(H) to resolve the conflict between the vacated opinion and *Cook*. 231 Mich App 801 (1998).

After consideration by the conflict resolution panel, the Court of Appeals *held*:

The *Cook* panel reached the correct result. The trial court erred in finding that the plaintiffs were entitled to deduct the expenses associated with oil and gas production. In all other respects, the prior Court of Appeals opinion in this case is adopted.

Affirmed in part, vacated in part, and remanded for further proceedings.

GAGE, J., dissenting, stated that the Michigan Income Tax Act necessarily provides that taxable income will not include oil and gas production expenses, which are a proper deduction in arriving at federal adjusted gross income, and that because the plaintiffs were entitled to the deductions when calculating their federal adjusted gross income and because the Michigan Income Tax Act does not provide that the expenses associated with oil and gas production must be added back into federal adjusted gross income when calculating taxable income for Michigan, the trial court correctly allowed the deductions. The entire prior opinion of the Court of Appeals in this case should be affirmed.

TAXATION — OIL AND GAS — INCOME TAX — SEVERANCE TAX — NET OPERATING LOSSES.

Oil and gas proceeds that are subject to Michigan severance tax are exempt from taxation as income under the Michigan Income Tax Act; the Michigan Income Tax Act provides that, in the absence of any express provision in the act requiring a different result, income subject to tax is to be calculated in the same manner as it would be under the federal Internal Revenue Code; the Internal Revenue Code does not allow deductions allocable to income that is exempt from income taxation; because oil and gas proceeds subject to the severance tax are not subject to taxation under the Michigan Income Tax Act, the expenses properly allocated to the production of the oil and gas proceeds may not be included in calculating a net operating loss with regard to tax liability under the Michigan Income Tax Act; both oil and gas gross proceeds subject to the severance tax and their expenses are exempted from treatment under the Michigan Income Tax Act (26 USC 265[a][1]; MCL 205.315, 206.2[3], 206.30[1][o], [p]; MSA 7.365, 7.557[102][3], 7.557[130][1][o], [p]).

*Mika, Meyers, Beckett & Jones, P.L.C.* (by *Jeffrey A. DeVree*), for the plaintiffs.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Kevin T. Smith*, Assistant Attorney General, for the defendant.

Before: CAVANAGH, P.J., and HOLBROOK, JR., GRIBBS, GRIFFIN, FITZGERALD, SAAD, and GAGE, JJ.

CAVANAGH, P.J. Pursuant to MCR 7.215(H)(3), this special panel was convened to resolve a conflict between this Court's prior, vacated opinion in *Elenbaas v Dep't of Treasury*, 231 Mich App 801 (1998), and this Court's earlier decision in *Cook v Dep't of Treasury*, 229 Mich App 653; 583 NW2d 696 (1998). In accordance with MCR 7.215(H)(1), the prior *Elenbaas* panel was required to follow the precedent of *Cook*, *supra*. Were it not for MCR 7.215(H)(1), the previous panel would have affirmed the decision of the lower court.

The facts of this case were set out in this Court's previous opinion:

> After this Court's ruling in *Bauer v Dep't of Treasury*, 203 Mich App 97; 512 NW2d 42 (1993), plaintiffs filed amended income tax returns for 1990, 1991, 1992, and 1993, seeking refunds for income taxes paid on their gross receipts from oil and gas production. In *Bauer*, this Court determined that § 15 of the severance tax act, MCL 205.315; MSA 7.365, allows an individual who pays the severance tax on royalties received from oil and gas leases to be exempt from paying income tax on those royalties. *Id.* at 99. This Court held that § 15 was clear and unambiguous and that, when it applies, the severance tax is to be paid in lieu of all other taxes. *Id.* at 100. No exception is made for the income tax. *Id.* at 101. Because plaintiffs had paid both the severance tax and the income tax on the gross receipts from their oil and gas production in those years, they filed amended income tax returns. Plaintiffs calculated the amount of their claimed refunds by subtracting the amount of their gross receipts from oil and gas production, which receipts had been taxed pursuant to the severance tax act, from the total taxable income on the returns for each year. They then recalculated the amount of income tax owed.

> Defendant failed to issue the full amount of the refunds claimed for 1990, 1991, and 1992 and failed to issue any refund for 1993. It determined that the amount of gross

receipts should not have been deducted from the total taxable income, but rather the amount of net income derived from oil and gas production for each year should be subtracted. This resulted in less of a refund for 1990, 1991, and 1992. In 1993, plaintiffs did not enjoy net income from their oil and gas production, but rather had a net loss. Defendant determined that the net loss should be added to their total taxable income for 1993 and thus, plaintiffs owed additional taxes for that year. The Court of Claims determined that plaintiffs were entitled to the full refunds claimed, which refunds were calculated by subtracting the gross receipts from oil and gas production from their total taxable income. [*Elenbaas, supra* at 801-802.]

The conflict at issue is over whether plaintiffs were entitled to deduct oil and gas expenses when calculating their 1993 Michigan income tax or to include those expenses when calculating their net operating loss for Michigan income tax purposes. The *Cook* panel held that subsection 265(a)(1) of the federal Internal Revenue Code[1] generally applies, under subsection 2(3) of the Michigan Income Tax Act (ITA),[2] to prevent taxpayers from deducting expenses related to exempt classes of income. The prior *Elenbaas* panel disagreed, noting that plaintiffs were entitled to deduct oil and gas production expenses when calculating their federal adjusted gross income and that oil and gas receipts are taxed in Michigan under the severance tax act, MCL 205.301 *et seq.*; MSA 7.351 *et seq.*

Following an order by the Court of Appeals en banc invoking the conflict resolution procedure of MCR 7.215(H)(3)-(6), this case was reconsidered by this special panel. After due consideration, we are persuaded that the *Cook* panel reached the correct

---

[1] 26 USC 265(a)(1).

[2] MCL 206.2(3); MSA 7.557(102)(3).

result. We therefore hold, for the reasons set forth in *Cook*, that the trial court erred in finding that plaintiffs were entitled to deduct the expenses associated with oil and gas production in computing a net operating loss.[3] In all other respects, we adopt the opinion of the prior *Elenbaas* panel as our own.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

HOLBROOK, JR., GRIBBS, GRIFFIN, and FITZGERALD, JJ., concurred.

GAGE, J. (*dissenting*). I respectfully dissent. Subsection 30(1) of the Income Tax Act (ITA), MCL 206.1 *et seq.*; MSA 7.557(101) *et seq.*, defines "taxable income" as "adjusted gross income as defined in the internal revenue code [26 USC 1 *et seq.*]," subject to further adjustment by specified additions and subtractions. See MCL 206.30(2)-(4); MSA 7.557(130)(2)-(4). I agree with the prior *Elenbaas* panel's interpretation of ITA § 30.

> We believe that the ITA necessarily provides that taxable income will not include oil and gas production expenses, which are a proper deduction in arriving at federal adjusted gross income. Because plaintiffs were entitled to the deductions when calculating their federal adjusted gross income

---

[3] The prior *Elenbaas* panel and our dissenting colleagues disagree with *Cook* in part because oil and gas gross receipts are taxed under the severance tax act. We are not convinced by this argument. Subsection 2(3) of the ITA does not say that, after considering all available Michigan tax schemes, Michigan taxpayers should be treated the same as they would under the federal tax scheme. Instead, subsection 2(3) clearly states that "the income subject to tax [shall] be the same as taxable income as defined and applicable to the subject taxpayer in the internal revenue code." MCL 206.2(3); MSA 7.557(102)(3). We therefore conclude that the taxation of a taxpayer under a different tax scheme, such as the severance tax act, is irrelevant.

and because the ITA does not provide that the expenses associated with oil and gas production must be added back into federal adjusted gross income when calculating taxable income for Michigan, we would hold that the trial court correctly allowed the deductions. [*Elenbaas v Dep't of Treasury*, 231 Mich App 801, 807 (1998).]

The severance tax act (STA), MCL 205.301 *et seq.*; MSA 7.351 *et seq.*, was enacted in 1929. 1929 PA 48. The Legislature subsequently enacted the ITA in 1967. 1967 PA 281. The Legislature is presumed to have knowledge of existing law when enacting new law or amending an existing law. *Stevens v Inland Waters, Inc*, 220 Mich App 212, 219; 559 NW2d 61 (1996). While the Legislature could have enacted a provision within the ITA requiring the addition of expenses attributable to income exempt from taxation, to date it has chosen not to do so. Because subsection 30(1) is clear and unambiguous, judicial interpretation requiring an addition for expenses attributable to income exempt from taxation is not permitted. *Bauer v Dep't of Treasury*, 203 Mich App 97, 100; 512 NW2d 42 (1993).

Although the ITA does not contain a general rule that no deduction may be taken for expenses attributable to income that is exempt from taxation, the Internal Revenue Code (IRC) does include such a provision. 26 USC 265(a)(1). In *Cook v Dep't of Treasury*, 229 Mich App 653; 583 NW2d 696 (1998), the Court relied on subsection 2(3) of the ITA, MCL 206.2(3); MSA 7.557(102)(3), which states that the Legislature intended "that the income subject to tax [under the ITA] be the same as taxable income as defined" within the IRC, as support for its conclusion that expenses allocable to the production of oil and

gas revenues cannot be deducted when calculating a net operating loss (NOL). Oil and gas proceeds are subject to federal income taxation; thus, a deduction may be taken for expenses related to the generation of those proceeds. 26 USC 265(a)(1); *Cook, supra* at 658. While gross oil and gas proceeds are excluded from taxation under the ITA, *Bauer, supra* at 100-101, they are taxed under the STA. STA § 15, MCL 205.315; MSA 7.365. The severance tax is paid in lieu of income tax. However, no provision in the STA allows for the deduction of production expenses before payment of the severance tax. Under the result reached by the majority, gross oil and gas proceeds are taxed according to the STA, but neither the STA nor the ITA permits a deduction for production expenses. The majority's conclusion that expenses related to oil and gas production cannot be deducted in calculating an NOL for the purpose of determining income subject to taxation under the ITA thus does not result in equal treatment of income as contemplated by ITA subsection 2(3).

Because federal adjusted gross income consists of gross income less deductions, including a deduction for ordinary and necessary business expenses, 26 USC 62(a)(1), 162(a), and because Michigan taxable income constitutes federal adjusted gross income subject to further specified adjustments, ITA subsection 30(1), expenses incurred in the production of oil and gas should be deductible when calculating an NOL for purposes of determining Michigan taxable income. No provision in either the STA or the ITA precludes the deduction of expenses related to oil and gas production when calculating an NOL. None of the clear and unambiguous language of ITA subsection 30(1) con-

templates the addition of oil and gas expenses into federal adjusted gross income. Therefore, the majority's interpretation of subsection 30(1) in a manner that incorporates 26 USC 265(a)(1), which is not otherwise a part of the ITA, is inappropriate. *Lorencz v Ford Motor Co*, 439 Mich 370, 379; 483 NW2d 844 (1992) (When a statute is clear and unambiguous, judicial construction or interpretation is unnecessary and therefore precluded.). The *Elenbaas* resolution of the issue of the deductibility of oil and gas production expenses more closely achieves the stated goal of ITA subsection 2(3)—oil and gas proceeds are taxed, albeit under the STA rather than under the ITA, and a corresponding deduction for the expenses related to oil and gas production is allowed under the ITA. The virtue of the prior *Elenbaas* opinion's interpretation is that it better comports with the language of the ITA.

I would affirm the prior *Elenbaas* opinion in its entirety.

SAAD, J., concurred.